UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,    CIVIL ACTION NO.:

        Plaintiff,    HONORABLE:

vs.

MICHAEL JOHNSON

        Defendant,

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 3643 E. Vernor Hwy. Detroit, MI 48207-3341.

### The Debt – Account No. 1998A16325

3. The debt owed to the United States of America is as follows:

    A. Current Principal *(after application of all prior payments, credits, and offsets)*     $6,947.93

    B. Current Capitalized Interest Balance and Accrued Interest     $5,945.99

    C. Administrative Fee, Costs, Penalties     $ 3.80

|   |   |   |
|---|---|---|
| D. | Accrued Capitalized Interest since August 28, 1997 | $7,949.76 |
| Owed | | $20,847.48 |

## The Debt – Account No. 1998A13489

4. The debt owed to the United States of America is as follows:

|   |   |   |
|---|---|---|
| A. | Current Principal *(after application of all prior payments, credits, and offsets)* | $2,016.00 |
| B. | Current Capitalized Interest Balance and Accrued Interest | $1,097.75 |
| C. | Administrative Fee, Costs, Penalties | $   87.00 |
| D. | Accrued Capitalized Interest since January 25, 1999 | $  919.35 |
| Owed | | $4,120.10 |
| **Total Owed** (*Accounts 1998A16325 and 1998A13489*) | | **$24,967.58** |

The Certificates of Indebtedness, attached as Exhibit "A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and interest balance shown on the Certificate of Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest on Account 1998A16325 accrues at the rate of 7% per annum. Prejudgment interest on Account 1998A13489 accrues at the rate of 3% per annum.

## Failure to Pay

5. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

   E.   For the sums set forth in paragraph 3 and 4 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment

interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

      F.      For attorney's fees to the extent allowed by law;

      G.      Filing fee of $350.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

      H.      For such other relief which the Court deems proper.

Respectfully submitted,

By: */s/ Craig S. Schoenherr, Sr.*
    CRAIG S. SCHOENHERR, SR. (P32245)
    Attorney for Plaintiff
    O'Reilly Rancilio PC
    12900 Hall Rd Ste 350
    Sterling Heights, MI  48313
    Phone: (586) 726-1000
    Fax: (586) 726-1560
    cschoenherr@orlaw.com

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

MICHAEL JOHNSON
AKA: MICHAEL A. JOHNSON
19320 GREENFIELD
APT. 813
DETROIT, MI. 48235

SSN: ███-0003

Total debt due United States as of 08/14/97 : $12,897.72

I certify that U.S. Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $ 6,947.93 from 08/14/97 at the annual rate of 7.00 percent. Interest accrues on the principal amount of this debt at a rate of $ 1.33 per day.

The claim arose in connection with a Government insured or guaranteed loan made by a private lender and assigned to the United States.

On 12/19/77, 12/24/80, & 05/01/82, the debtor executed promissory note(s) to secure the loan(s) from MICHIGAN NATIONAL BANK, DETROIT, MI. under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s) and on 07/05/83 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $ 157.42 thereby increasing the principal balance due to $ 6,947.93.

After application of the last voluntary payment of $0.00 which was received on N/A the debtor now owes the following :

| | |
|---|---|
| Principal: | $ 6,947.93 |
| Interest: | $ 5,945.99 |
| Administrative/ Collection Costs: | $ 3.80 |
| Penalties: | $ 0.00 |

CERTIFICATION: Pursuant to 28 U.S.C. Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

_8/28/97_
(Date)

_[signature]_
Loan Analyst-Litigation Branch

RE: 66505

EXHIBIT A

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

        MICHAEL JOHNSON
AKA:  MICHAEL A. JOHNSON
        19320 GREENFIELD
        APT. 813
        DETROIT, MI. 48235

SSN:  ▇▇▇-▇▇-0003

Total debt due United States as of 08/14/97:  $ 3,132.98

I certify that U.S. Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $ 2,016.00 from 08/14/97 at the annual rate of 3.00 percent. Interest accrues on the principal amount of this debt at a rate of $ 0.17 per day.

The claim arose in connection with a Government insured or guaranteed loan(s) made by a private lender and assigned to the United States.

On 07/31/75, 02/06/76, 04/08/76, 07/12/76, 02/25/77, & 04/07/77, the debtor executed promissory note(s) to secure the loan(s) from WAYNE STATE UNIVERSITY, DETROIT, MI.. under loan guaranty programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C 1087 et seq. (34 C.F.R. Part 674). The holder demanded payment according to the terms of the note(s), and on 08/01/80 the debtor defaulted on the obligation.

After application of the last voluntary payment of $0.00 which was received on N/A the debtor now owes the following :

| | |
|---|---|
| Principal: | $ 2,016.00 |
| Interest: | $ 1,029.98 |
| Administrative/ Collection Costs: | $ 87.00 |
| Penalties: | $ 0.00 |

CERITFICATION:  Pursuant to 28 U.S.C. Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

_8/28/97_
(Date)

_[signature]_
Loan Analyst-Litigation Branch

EXHIBIT
A

**WAYNE STATE UNIVERSITY**
Office of Scholarship and Financial Aids
222 ASB 2 • Detroit, Mich. 48202
313-577-3378

**PROMISSORY NOTE**
**NATIONAL DIRECT STUDENT LOAN PROGRAM**

THE MAKER UNDERSTANDS AND AGREES, AND IT IS UNDERSTOOD BETWEEN THE PARTIES THAT:

I. ALL SUMS ADVANCED PURSUANT TO THIS NOTE ARE DRAWN FROM A FUND CREATED UNDER PART E OF TITLE IV OF THE HIGHER EDUCATION ACT OF 1965, AS AMENDED, HEREINAFTER CALLED THE ACT. SUCH TERMS OF THE NOTE AS ARE SUBJECT TO INTERPRETATION SHALL BE CONSTRUED IN THE LIGHT OF SUCH ACT AND FEDERAL REGULATIONS PERTAINING TO SUCH ACT, COPIES OF WHICH SHALL BE KEPT BY THE LENDING INSTITUTION.

II. REPAYMENT OF PRINCIPAL, TOGETHER WITH INTEREST THEREON, SHALL BE MADE OVER A PERIOD COMMENCING (EXCEPT WHEN PARAGRAPH III(3) IS APPLICABLE) 9 MONTHS AFTER THE DATE ON WHICH THE MAKER CEASES TO CARRY, AT AN INSTITUTION OF HIGHER EDUCATION, OR AT A COMPARABLE INSTITUTION OUTSIDE THE STATES APPROVED FOR THIS PURPOSE BY THE U.S. COMMISSIONER OF EDUCATION, HEREINAFTER CALLED THE COMMISSIONER, AT LEAST ONE-HALF THE NORMAL FULL-TIME ACADEMIC WORKLOAD AND ENDING 10 YEARS AND 9 MONTHS AFTER SUCH DATE. INTEREST OF 3 PER CENTUM PER ANNUM SHALL ACCRUE FROM THE BEGINNING OF SUCH REPAYMENT PERIOD. REPAYMENT OF PRINCIPAL, TOGETHER WITH INTEREST THEREON, SHALL BE MADE IN EQUAL (OR, IF THE MAKER SO REQUESTS, IN GRADUATED INSTALLMENTS DETERMINED IN ACCORDANCE WITH SUCH SCHEDULES AS MAY BE APPROVED BY THE LENDING INSTITUTION AND THE COMMISSIONER) QUARTERLY, BIMONTHLY OR MONTHLY INSTALLMENTS (AS DETERMINED BY THE LENDING INSTITUTION) IN ACCORDANCE WITH THE SCHEDULE WHICH IS ATTACHED TO AND MADE PART OF THIS NOTE.

III. THIS NOTE IS SUBJECT ALSO TO THE FOLLOWING CONDITIONS:

(1) THE MAKER MAY AT HIS OPTION AND WITHOUT PENALTY PREPAY ALL OR ANY PART OF THE PRINCIPAL, PLUS THE ACCRUED INTEREST THEREON, AT ANY TIME.

(2) IN THE EVENT OF A FAILURE TO MEET A SCHEDULED REPAYMENT OF ANY OF THE INSTALLMENTS DUE ON THIS NOTE, THE ENTIRE UNPAID INDEBTEDNESS INCLUDING INTEREST DUE AND ACCRUED THEREON, SHALL, AT THE OPTION OF THE LENDING INSTITUTION, BECOME IMMEDIATELY DUE AND PAYABLE.

(3) INTEREST SHALL NOT ACCRUE, AND INSTALLMENTS NEED NOT BE PAID DURING ANY PERIOD (A) DURING WHICH THE MAKER IS CARRYING, AT AN INSTITUTION OF HIGHER EDUCATION OR AT A COMPARABLE INSTITUTION OUTSIDE THE STATES APPROVED FOR THIS PURPOSE BY THE COMMISSIONER, AT LEAST ONE-HALF THE NORMAL FULL-TIME ACADEMIC WORKLOAD OR (B) NOT IN EXCESS OF 3 YEARS DURING WHICH THE MAKER (I) IS ON FULL-TIME ACTIVE DUTY AS A MEMBER OF THE ARMED FORCES (ARMY, NAVY, AIR FORCE, MARINE CORPS, OR COAST GUARD) OF THE UNITED STATES, (II) IS IN SERVICE AS A VOLUNTEER UNDER THE PEACE CORPS ACT, OR (III) IS IN SERVICE AS A VOLUNTEER UNDER TITLE VIII OF THE ECONOMIC OPPORTUNITY ACT OF 1965 (VISTA). ANY SUCH PERIOD IN (A) OR (B) SHALL NOT BE INCLUDED IN DETERMINING THE 10-YEAR PERIOD DURING WHICH REPAYMENT MUST BE COMPLETED AS SPECIFIED IN PARAGRAPH II.

(4) IF THE MAKER UNDERTAKES SERVICE AFTER JUNE 30, 1972, (A) AS A FULL-TIME TEACHER IN A PUBLIC OR OTHER NONPROFIT PRIVATE ELEMENTARY OR SECONDARY SCHOOL WHICH IS IN A SCHOOL DISTRICT OF A LOCAL EDUCATIONAL AGENCY WHICH IS ELIGIBLE IN SUCH YEAR FOR ASSISTANCE PURSUANT TO TITLE I OF THE ELEMENTARY AND SECONDARY EDUCATION ACT OF 1965 AND WHICH FOR THE PURPOSES OF THIS CLAUSE AND FOR THAT YEAR HAS BEEN DESIGNATED BY THE COMMISSIONER IN ACCORDANCE WITH THE PROVISIONS OF SECTION 465(A)(2) OF THE ACT AS A SCHOOL WITH A HIGH ENROLLMENT OF STUDENTS FROM LOW-INCOME FAMILIES, OR (B) AS A FULL-TIME TEACHER OF HANDICAPPED CHILDREN (INCLUDING MENTALLY RETARDED, HARD OF HEARING, DEAF, SPEECH IMPAIRED, VISUALLY HANDICAPPED, SERIOUSLY EMOTIONALLY DISTURBED OR OTHER HEALTH-IMPAIRED CHILDREN WHO BY REASON THEREOF REQUIRE SPECIAL EDUCATION) IN A PUBLIC OR OTHER NONPROFIT ELEMENTARY OR SECONDARY SCHOOL SYSTEM, FOR EACH COMPLETE YEAR OF SUCH SERVICE THE AMOUNT OF THIS NOTE SHALL BE REDUCED AT THE RATE OF 15 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN PLUS INTEREST THEREON FOR THE FIRST AND SECOND YEAR OF SUCH SERVICE, 20 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT PLUS INTEREST THEREON FOR THE THIRD AND FOURTH YEAR OF SUCH SERVICE, AND 30 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT PLUS INTEREST THEREON FOR THE FIFTH YEAR OF SUCH SERVICE.

(5) IF, AFTER JUNE 30, 1972, THE MAKER UNDERTAKES SERVICE AS A FULL-TIME STAFF MEMBER IN A PRESCHOOL PROGRAM CARRIED ON UNDER SECTION 222(A)(1) OF THE ECONOMIC OPPORTUNITY ACT OF 1964 (HEAD START) WHICH IS OPERATED FOR A PERIOD WHICH IS COMPARABLE TO A FULL SCHOOL YEAR IN THE LOCALITY, AND PROVIDED THAT THE SALARY OF SUCH STAFF MEMBER IS NOT MORE THAN THE SALARY OF A COMPARABLE EMPLOYEE OF THE LOCAL EDUCATIONAL AGENCY, THE PRINCIPAL AMOUNT OF THIS NOTE SHALL BE REDUCED AT THE RATE OF 15 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN PLUS INTEREST THEREON FOR EACH COMPLETE YEAR OF SERVICE.

(6) IF, AFTER JUNE 30, 1972, THE MAKER SERVES AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES, UP TO 50 PER CENTUM OF THE PRINCIPAL AMOUNT OF THIS LOAN SHALL BE REDUCED AT THE RATE OF 12-1/2 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN, PLUS INTEREST THEREON, FOR EACH COMPLETE YEAR OF SERVICE IN AN AREA OF HOSTILITIES THAT QUALIFIES FOR SPECIAL PAY UNDER SECTION 310 OF TITLE 37, UNITED STATES CODE.

(7) THE MAKER IS RESPONSIBLE FOR INFORMING THE LENDING INSTITUTION OF ANY CHANGE OR CHANGES IN HIS ADDRESS.

(8) NOTWITHSTANDING THE REPAYMENT SCHEDULE OTHERWISE CALCULABLE TO PART II, THE MAKER SHALL REPAY THE TOTAL PRINCIPAL AMOUNT OF THIS LOAN AT THE RATE OF NOT LESS THAN $30 PER MONTH. IN THE EVENT THE MAKER RECEIVES OR HAS RECEIVED OTHER NATIONAL DIRECT STUDENT LOANS FROM OTHER FUNDS AUTHORIZED BY THE ACT AT ONE OR MORE OTHER LENDING INSTITUTIONS, HE/SHE SHALL REPAY THIS NOTE AT A MONTHLY RATE EQUAL TO NOT LESS THAN THE AMOUNT BY WHICH $30 EXCEEDS THE TOTAL MONTHLY RATE OF PRINCIPAL REPAYMENT ON ALL SUCH OTHER LOANS.

(9) IF THE MAKER FAILS TO MAKE TIMELY PAYMENT OF ALL OR ANY PART OF A SCHEDULED INSTALLMENT, OR IF THE MAKER IS ELIGIBLE FOR DEFERMENT OR CANCELLATION OF PAYMENT (PURSUANT TO PART III(3), (4), (5), OR (6)), BUT FAILS TO SUBMIT TIMELY AND SATISFACTORY EVIDENCE THEREOF, THE MAKER PROMISES TO PAY A CHARGE ASSESSED AGAINST HIM BY THE LENDING INSTITUTION. NO CHARGE MAY EXCEED (1) WHERE THE LOAN IS REPAYABLE IN MONTHLY INSTALLMENTS, $1 FOR THE FIRST MONTH OR PART OF A MONTH BY WHICH SUCH INSTALLMENT OR EVIDENCE IS LATE, AND $2 FOR EACH MONTH OR PART OF A MONTH THEREAFTER; OR (2) IN THE CASE OF A LOAN WHICH IS REPAYABLE IN BIMONTHLY OR QUARTERLY INSTALLMENTS, $3 AND $6, RESPECTIVELY, FOR EACH INSTALLMENT INTERVAL OR PART THEREOF BY WHICH SUCH INSTALLMENT OR EVIDENCE IS LATE. IF THE LENDING INSTITUTION ELECTS TO ADD THE ASSESSED CHARGE TO THE OUTSTANDING PRINCIPAL OF THE LOAN, IT SHALL SO INFORM THE MAKER PRIOR TO THE DUE DATE OF THE NEXT INSTALLMENT.

IV. THIS NOTE SHALL NOT BE ASSIGNED BY THE LENDING INSTITUTION EXCEPT, UPON TRANSFER OF THE MAKER TO ANOTHER INSTITUTION PARTICIPATING IN THIS PROGRAM (OR, IF NOT SO PARTICIPATING, IS ELIGIBLE TO DO SO AND IS APPROVED BY THE COMMISSIONER FOR SUCH PURPOSE), TO SUCH INSTITUTION; PROVIDED THAT ASSIGNMENTS MAY BE MADE TO (A) INSTITUTIONS OTHER THAN THOSE TO WHICH THE MAKER HAS TRANSFERRED OR TO THE UNITED STATES WHERE THE LENDING INSTITUTION CEASES TO FUNCTION AS AN EDUCATIONAL INSTITUTION AND (B) TO THE UNITED STATES IF THIS NOTE HAS BEEN IN DEFAULT FOR TWO YEARS. THE PROVISIONS OF THIS NOTE THAT RELATE TO LENDING INSTITUTION SHALL WHERE APPROPRIATE RELATE TO AN ASSIGNEE.

V. THE MAKER HEREBY CERTIFIES THAT HE HAS LISTED BELOW ALL OF THE NATIONAL DIRECT STUDENT LOANS (OR NATIONAL DEFENSE STUDENT LOANS) HE HAS OBTAINED AT OTHER INSTITUTIONS.

**SCHEDULE OF NATIONAL DIRECT STUDENT LOANS AND NATIONAL DEFENSE STUDENT LOANS AT OTHER INSTITUTIONS**

| | AMOUNT | DATE | INSTITUTION | SIGNATURE OF MAKER |
|---|---|---|---|---|
| 1 | $93.00 | | B/C 700195 | |
| 2 | $240.00 | | 922259 | |
| 3 | $ | | | |

I, Michael Johnson ___-0003___ PROMISE TO PAY WAYNE STATE UNIVERSITY, DETROIT, MICHIGAN

THE SUM OF $ 333.00 ADVANCED FOR Summer QUARTER 19 75, TOGETHER WITH ALL ATTORNEY'S FEES AND OTHER COSTS AND CHARGES NECESSARY FOR THE COLLECTION OF ANY AMOUNT NOT PAID WHEN DUE.

SIGNATURE x Michael Johnson            DATE 7-31, 19 75

PERMANENT ADDRESS x 1631 Pennsylvania
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

*BEST COPY AVAILABLE AT TIME OF IMAGING*

CAVEAT — THIS NOTE SHALL BE EXECUTED WITHOUT SECURITY AND WITHOUT ... IF THE MAKER IS A MINOR AND THIS NOTE WOULD NOT, UNDER THE LAW OF THE STATE IN WHICH THE LENDING INSTITUTION IS LOCATED, CREATE ..., EITHER SECURITY OR ENDORSEMENT MAY BE REQUIRED. THE LENDING INSTITUTION SHALL SUPPLY A COPY OF THIS NOTE TO THE MAKER.

SIGNATURE OF ENDORSER _____ DATE _____, 19 ___

PERMANENT ADDRESS _____
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

FORM 10-456

**WAYNE STATE UNIVERSITY**
Office of Scholarship and Financial Aids
2 ASB 2 • Detroit, Mich. 48202
3-577-3378

**PROMISSORY NOTE**
**NATIONAL DIRECT STUDENT LOAN PROGRAM**

THE MAKER UNDERSTANDS AND AGREES, AND IT IS UNDERSTOOD BETWEEN THE PARTIES THAT:

I. ALL SUMS ADVANCED PURSUANT TO THIS NOTE ARE DRAWN FROM A FUND CREATED UNDER PART E OF TITLE IV OF THE HIGHER EDUCATION ACT OF 1965, AS AMENDED, HEREINAFTER CALLED THE ACT. SUCH TERMS OF THE NOTE AS ARE SUBJECT TO INTERPRETATION SHALL BE CONSTRUED IN THE LIGHT OF SUCH ACT AND FEDERAL REGULATIONS PERTAINING TO SUCH ACT, COPIES OF WHICH SHALL BE KEPT BY THE LENDING INSTITUTION.

II. REPAYMENT OF PRINCIPAL, TOGETHER WITH INTEREST THEREON, SHALL BE MADE OVER A PERIOD COMMENCING (EXCEPT WHEN PARAGRAPH III(3) IS APPLICABLE) 9 MONTHS AFTER THE DATE ON WHICH THE MAKER CEASES TO CARRY, AT AN INSTITUTION OF HIGHER EDUCATION, OR AT A COMPARABLE INSTITUTION OUTSIDE THE STATES APPROVED FOR THIS PURPOSE BY THE U.S. COMMISSIONER OF EDUCATION, HEREINAFTER CALLED THE COMMISSIONER, AT LEAST ONE-HALF THE NORMAL FULL-TIME ACADEMIC WORKLOAD AND ENDING 10 YEARS AND 9 MONTHS AFTER SUCH DATE, INTEREST OF 3 PER CENTUM PER ANNUM SHALL ACCRUE FROM THE BEGINNING OF SUCH REPAYMENT PERIOD. REPAYMENT OF PRINCIPAL, TOGETHER WITH INTEREST THEREON, SHALL BE MADE IN EQUAL, OR, IF THE MAKER SO REQUESTS, IN GRADUATED INSTALLMENTS DETERMINED IN ACCORDANCE WITH SUCH SCHEDULES AS MAY BE APPROVED BY THE LENDING INSTITUTION AND THE COMMISSIONER, QUARTERLY, BIMONTHLY OR MONTHLY INSTALLMENTS (AS DETERMINED BY THE LENDING INSTITUTION) IN ACCORDANCE WITH THE SCHEDULE WHICH IS ATTACHED TO AND MADE PART OF THIS NOTE.

III. THIS NOTE IS SUBJECT ALSO TO THE FOLLOWING CONDITIONS:

(1) THE MAKER MAY AT HIS OPTION AND WITHOUT PENALTY PREPAY ALL OR ANY PART OF THE PRINCIPAL, PLUS THE ACCRUED INTEREST THEREON, AT ANY TIME.

(2) IN THE EVENT OF A FAILURE TO MEET A SCHEDULED REPAYMENT OF ANY OF THE INSTALLMENTS DUE ON THIS NOTE, THE ENTIRE UNPAID INDEBTEDNESS INCLUDING INTEREST DUE AND ACCRUED THEREON, SHALL, AT THE OPTION OF THE LENDING INSTITUTION, BECOME IMMEDIATELY DUE AND PAYABLE.

(3) INTEREST SHALL NOT ACCRUE AND INSTALLMENTS NEED NOT BE PAID DURING ANY PERIOD (A) DURING WHICH THE MAKER IS CARRYING, AT AN INSTITUTION OF HIGHER EDUCATION OR AT A COMPARABLE INSTITUTION OUTSIDE THE STATES APPROVED FOR THIS PURPOSE BY THE COMMISSIONER, AT LEAST ONE-HALF THE NORMAL FULL-TIME ACADEMIC WORKLOAD OR (B) NOT IN EXCESS OF 3 YEARS DURING WHICH THE MAKER IS (i) ON FULL-TIME ACTIVE DUTY AS A MEMBER OF THE ARMED FORCES (ARMY, NAVY, AIR FORCE, MARINE CORPS, OR COAST GUARD) OF THE UNITED STATES, (ii) IN SERVICE AS A VOLUNTEER UNDER THE PEACE CORPS ACT, OR (iii) IN SERVICE AS A VOLUNTEER UNDER TITLE VIII OF THE ECONOMIC OPPORTUNITY ACT OF 1965 (VISTA). ANY SUCH PERIOD IN (A) OR (B) SHALL NOT BE INCLUDED IN DETERMINING THE 10-YEAR PERIOD DURING WHICH REPAYMENT MUST BE COMPLETED AS SPECIFIED IN PARAGRAPH II.

(4) IF THE MAKER UNDERTAKES SERVICE AFTER JUNE 30, 1972, (A) AS A FULL-TIME TEACHER IN A PUBLIC OR OTHER NONPROFIT PRIVATE ELEMENTARY OR SECONDARY SCHOOL WHICH IS IN A SCHOOL DISTRICT OF A LOCAL EDUCATIONAL AGENCY WHICH IS ELIGIBLE IN SUCH YEAR FOR ASSISTANCE PURSUANT TO TITLE I OF THE ELEMENTARY AND SECONDARY EDUCATION ACT OF 1965 AND WHICH HAS BEEN DESIGNATED FOR THAT YEAR HAS BEEN DESIGNATED BY THE COMMISSIONER IN ACCORDANCE WITH THE PROVISIONS OF SECTION 465(A)(2) OF THE ACT AS A SCHOOL WITH A HIGH ENROLLMENT OF STUDENTS FROM LOW-INCOME FAMILIES, OR (B) AS A FULL-TIME TEACHER OF HANDICAPPED CHILDREN (INCLUDING MENTALLY RETARDED, HARD OF HEARING, DEAF, SPEECH IMPAIRED, VISUALLY HANDICAPPED, SERIOUSLY EMOTIONALLY DISTURBED, OTHER HEALTH-IMPAIRED CHILDREN WHO BY REASON THEREOF REQUIRE SPECIAL EDUCATION) IN A PUBLIC OR OTHER NONPROFIT ELEMENTARY OR SECONDARY SCHOOL SYSTEM, FOR EACH COMPLETE YEAR OF SUCH SERVICE THE AMOUNT OF THIS NOTE SHALL BE REDUCED AT THE RATE OF 15 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN PLUS INTEREST THEREON FOR THE FIRST AND SECOND YEAR OF SUCH SERVICE, 20 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT PLUS INTEREST THEREON FOR THE THIRD AND FOURTH YEAR OF SUCH SERVICE, AND 30 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT PLUS INTEREST THEREON FOR THE FIFTH YEAR OF SUCH SERVICE.

(5) IF, AFTER JUNE 30, 1972, THE MAKER UNDERTAKES SERVICE AS A FULL-TIME STAFF MEMBER IN A PRESCHOOL PROGRAM CARRIED ON UNDER SECTION 222(A)(1) OF THE ECONOMIC OPPORTUNITY ACT OF 1964 (HEADSTART) WHICH IS OPERATED FOR A PERIOD WHICH IS COMPARABLE TO A FULL SCHOOL YEAR IN THE LOCALITY, AND PROVIDED THAT THE SALARY OF SUCH STAFF MEMBER IS NOT MORE THAN THE SALARY OF A COMPARABLE EMPLOYEE OF THE LOCAL EDUCATIONAL AGENCY, THE PRINCIPAL AMOUNT OF HIS NOTE SHALL BE REDUCED AT THE RATE OF 15 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN PLUS INTEREST THEREON FOR EACH COMPLETE YEAR OF SUCH SERVICE.

(6) IF, AFTER JUNE 30, 1972, THE MAKER SERVES AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES, UP TO 50 PER CENTUM OF THE PRINCIPAL AMOUNT OF HIS LOAN SHALL BE REDUCED AT THE RATE OF 12½ PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN, PLUS INTEREST THEREON, FOR EACH COMPLETE YEAR OF SERVICE IN AN AREA OF HOSTILITIES THAT QUALIFIES FOR SPECIAL PAY UNDER SECTION 310 OF TITLE 37, UNITED STATES CODE.

(7) THE MAKER IS RESPONSIBLE FOR INFORMING THE LENDING INSTITUTION OF ANY CHANGE OR CHANGES IN HIS ADDRESS.

(8) NOTWITHSTANDING THE REPAYMENT SCHEDULE OTHERWISE CALCULABLE TO PART II, THE MAKER SHALL REPAY THE TOTAL PRINCIPAL AMOUNT OF THIS LOAN AT THE RATE OF NOT LESS THAN $30 PER MONTH IN THE EVENT THE MAKER RECEIVES OR HAS RECEIVED OTHER NATIONAL DIRECT STUDENT LOANS FROM OTHER FUNDS AUTHORIZED BY THE ACT AT ONE OR MORE OTHER LENDING INSTITUTIONS, HE/SHE SHALL REPAY THIS NOTE AT A MONTHLY RATE EQUAL TO NOT LESS THAN THE AMOUNT BY WHICH $30 EXCEEDS THE TOTAL MONTHLY RATE OF PRINCIPAL REPAYMENT ON ALL SUCH OTHER LOANS.

(9) IF THE MAKER FAILS TO MAKE TIMELY PAYMENT OF ALL OR ANY PART OF A SCHEDULED INSTALLMENT, OR IF THE MAKER IS ELIGIBLE FOR DEFERMENT OR CANCELLATION OF PAYMENT PURSUANT TO PART III(3), (4), (5), OR (6), BUT FAILS TO SUBMIT TIMELY AND SATISFACTORY EVIDENCE THEREOF, THE MAKER PROMISES TO PAY THE CHARGE ASSESSED AGAINST HIM/HER BY THE LENDING INSTITUTION. SUCH CHARGE MAY EXCEED (1) WHERE THE LOAN IS REPAYABLE IN MONTHLY INSTALLMENTS, $1 FOR THE FIRST MONTH OR PART OF A MONTH OF WHICH INSTALLMENT OR EVIDENCE IS LATE, AND $2 FOR EACH MONTH OR PART OF A MONTH THEREAFTER OR (2) IN THE CASE OF A LOAN WHICH IS REPAYABLE IN BIMONTHLY OR QUARTERLY INSTALLMENTS, $3 AND $6, RESPECTIVELY, FOR EACH INSTALLMENT INTERVAL OR PART THEREOF IN WHICH SUCH INSTALLMENT OR EVIDENCE IS LATE. IF THE LENDING INSTITUTION ELECTS TO ADD THE ASSESSED CHARGE TO THE OUTSTANDING PRINCIPAL OF THE LOAN, IT SHALL SO INFORM THE MAKER PRIOR TO THE DUE DATE OF THE NEXT INSTALLMENT.

IV. THIS NOTE SHALL NOT BE ASSIGNED BY THE LENDING INSTITUTION EXCEPT, UPON TRANSFER OF THE MAKER TO ANOTHER INSTITUTION PARTICIPATING IN THIS PROGRAM OR, IF NOT SO PARTICIPATING, IS ELIGIBLE TO DO SO AND IS APPROVED BY THE COMMISSIONER FOR SUCH PURPOSE), TO SUCH INSTITUTION; PROVIDED THAT ASSIGNMENT MAY BE MADE TO (A) INSTITUTIONS OTHER THAN THOSE TO WHICH THE MAKER HAS TRANSFERRED OR (B) TO THE UNITED STATES WHERE THE LENDING INSTITUTION CEASES TO FUNCTION AS AN EDUCATIONAL INSTITUTION AND (B) TO THE UNITED STATES IF THIS NOTE HAS BEEN IN DEFAULT FOR TWO YEARS. THE PROVISIONS OF THIS NOTE THAT RELATE TO THE LENDING INSTITUTION SHALL WHERE APPROPRIATE RELATE TO AN ASSIGNEE.

V. THE MAKER HEREBY CERTIFIES THAT HE HAS LISTED BELOW ALL OF THE NATIONAL DIRECT STUDENT LOANS (OR NATIONAL DEFENSE STUDENT LOANS) HE HAS OBTAINED AT OTHER INSTITUTIONS.

### SCHEDULE OF NATIONAL DIRECT STUDENT LOANS AND NATIONAL DEFENSE STUDENT LOANS AT OTHER INSTITUTIONS

| AMOUNT | DATE | INSTITUTION | SIGNATURE OF MAKER |
|---|---|---|---|
| $ 205.00 | | Run 77 | |
| $ | | | |
| $ | | | |

JOHNSON*MICHAEL*
LOAN NO: 8306033786  01-06-84
SSN ███████-0003  TD  1

Michael Johnson _____ PROMISE TO PAY WAYNE STATE UNIVERSITY, DETROIT, MICHIGAN

THE SUM OF $ __205__ ADVANCED FOR __Winter__ QUARTER 19 __76__, TOGETHER WITH ALL ATTORNEY'S FEES AND OTHER COSTS AND CHARGES NECESSARY FOR THE COLLECTION OF ANY AMOUNT NOT PAID WHEN DUE.

SIGNATURE _Michael G. Johnson_ DATE _2-6_, 19_76_

PERMANENT ADDRESS _V91 Chalmers_
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

CAVEAT — THIS NOTE SHALL BE EXECUTED WITHOUT SECURITY AND WITHOUT ENDORSEMENT, EXCEPT THAT IF THE MAKER IS A MINOR AND THIS NOTE WOULD NOT, UNDER THE LAW OF THE STATE IN WHICH THE LENDING INSTITUTION IS LOCATED, CREATE A BINDING OBLIGATION, EITHER SECURITY OR ENDORSEMENT MAY BE REQUIRED. THE LENDING INSTITUTION SHALL SUPPLY A COPY OF THIS NOTE TO THE MAKER.

SIGNATURE OF ENDORSER _____ DATE _____, 19___

PERMANENT ADDRESS _____
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

FORM 10-458 3M 8-7

**[WAY]NE STATE UNIVERSITY**
Scholarship and Financial Aids
[...] 2 • Detroit, Mich. 48202
3378 .

**PROMISSORY NOTE**
**NATION[A]L DIRECT STUDENT LOAN PROGR[AM]**

[MA]KER UNDERSTANDS AND AGREES, AND IT IS UNDERSTOOD BETWEEN THE PARTIES THAT:

[A]LL SUMS ADVANCED PURSUANT TO THIS NOTE ARE DRAWN FROM A FUND CREATED UNDER PART E OF TITLE IV OF THE HIGHER EDUCATION ACT OF 1965, AS AMENDED, [...] AFTER CALLED THE ACT. SUCH TERMS OF THE NOTE AS ARE SUBJECT TO INTERPRETATION SHALL BE CONSTRUED IN THE LIGHT OF SUCH ACT AND FEDERAL REGULATIONS [...] NING TO SUCH ACT, COPIES OF WHICH SHALL BE KEPT BY THE LENDING INSTITUTION.

[R]EPAYMENT OF PRINCIPAL, TOGETHER WITH INTEREST THEREON, SHALL BE MADE OVER A PERIOD COMMENCING (EXCEPT WHEN PARAGRAPH III(3) IS APPLICABLE) 9 MONTHS [...] THE DATE ON WHICH THE MAKER CEASES TO CARRY, AT AN INSTITUTION OF HIGHER EDUCATION, OR AT A COMPARABLE INSTITUTION OUTSIDE THE STATES APPROVED [...] [TH]IS PURPOSE BY THE U.S. COMMISSIONER OF EDUCATION, HEREINAFTER CALLED THE COMMISSIONER, AT LEAST ONE-HALF THE NORMAL FULL-TIME ACADEMIC WORKLOAD [...] [END]ING 10 YEARS AND 9 MONTHS AFTER SUCH DATE. INTEREST OF 3 PER CENTUM PER ANNUM SHALL ACCRUE FROM THE BEGINNING OF SUCH REPAYMENT PERIOD. REPAY-[...] [...] OF PRINCIPAL, TOGETHER WITH INTEREST THEREON, SHALL BE MADE IN EQUAL (OR, IF THE MAKER SO REQUESTS, IN GRADUATED INSTALLMENTS DETERMINED IN ACCORD-[...] WITH SUCH SCHEDULES AS MAY BE APPROVED BY THE LENDING INSTITUTION AND THE COMMISSIONER) QUARTERLY, BIMONTHLY OR MONTHLY INSTALLMENTS (AS DETER-[...] BY THE LENDING INSTITUTION) IN ACCORDANCE WITH THE SCHEDULE WHICH IS ATTACHED TO AND MADE PART OF THIS NOTE.

[T]HIS NOTE IS SUBJECT ALSO TO THE FOLLOWING CONDITIONS:

(1) THE MAKER MAY AT HIS OPTION AND WITHOUT PENALTY PREPAY ALL OR ANY PART OF THE PRINCIPAL, PLUS THE ACCRUED INTEREST THEREON, AT ANY TIME.

(2) IN THE EVENT OF A FAILURE TO MEET A SCHEDULED REPAYMENT OF ANY OF THE INSTALLMENTS DUE ON THIS NOTE, THE ENTIRE UNPAID INDEBTEDNESS INCLUDING [...]EST DUE AND ACCRUED THEREON, SHALL, AT THE OPTION OF THE LENDING INSTITUTION, BECOME IMMEDIATELY DUE AND PAYABLE.

(3) INTEREST SHALL NOT ACCRUE, AND INSTALLMENTS NEED NOT BE PAID DURING ANY PERIOD (A) DURING WHICH THE MAKER IS CARRYING, AT AN INSTITUTION OF [...]R EDUCATION OR AT A COMPARABLE INSTITUTION OUTSIDE THE STATES APPROVED FOR THIS PURPOSE BY THE COMMISSIONER, AT LEAST ONE-HALF THE NORMAL FULL-[...]CADEMIC WORKLOAD OR (B) NOT IN EXCESS OF 3 YEARS DURING WHICH THE MAKER (I) IS ON FULL-TIME ACTIVE DUTY AS A MEMBER OF THE ARMED FORCES (ARMY, NAVY, [...]RCE, MARINE CORPS, OR COAST GUARD) OF THE UNITED STATES, (II) IS IN SERVICE AS A VOLUNTEER UNDER THE PEACE CORPS ACT, OR (III) IS IN SERVICE AS A VOLUNTEER [...] TITLE VIII OF THE ECONOMIC OPPORTUNITY ACT OF 1964 (VISTA). ANY SUCH PERIOD IN (A) OR (B) SHALL NOT BE INCLUDED IN DETERMINING THE 10-YEAR PERIOD DURING [...] REPAYMENT MUST BE COMPLETED AS SPECIFIED IN PARAGRAPH II.

(4) IF THE MAKER UNDERTAKES SERVICE AFTER JUNE 30, 1972, (A) AS A FULL-TIME TEACHER IN A PUBLIC OR OTHER NONPROFIT PRIVATE ELEMENTARY OR SECONDARY [...]L WHICH IS IN A SCHOOL DISTRICT OF A LOCAL EDUCATIONAL AGENCY WHICH IS ELIGIBLE IN SUCH YEAR FOR ASSISTANCE PURSUANT TO TITLE I OF THE ELEMENTARY AND [...]DARY EDUCATION ACT OF 1965 AND WHICH FOR THE PURPOSES OF THIS CLAUSE AND FOR THAT YEAR HAS BEEN DESIGNATED BY THE COMMISSIONER IN ACCORDANCE WITH [...]OVISIONS OF SECTION 465(A) (2) OF THE ACT AS A SCHOOL WITH A HIGH ENROLLMENT OF STUDENTS FROM LOW-INCOME FAMILIES, OR (B) AS A FULL-TIME TEACHER OF [...]CAPPED CHILDREN (INCLUDING MENTALLY RETARDED, HARD OF HEARING, DEAF, SPEECH IMPAIRED, VISUALLY HANDICAPPED, SERIOUSLY EMOTIONALLY DISTURBED, OR [...] HEALTH-IMPAIRED CHILDREN WHO BY REASON THEREOF REQUIRE SPECIAL EDUCATION) IN A PUBLIC OR OTHER NONPROFIT ELEMENTARY OR SECONDARY SCHOOL SYSTEM, [...]ACH COMPLETE YEAR OF SUCH SERVICE THE AMOUNT OF THIS NOTE SHALL BE REDUCED AT THE RATE OF 15 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN [...] INTEREST THEREON FOR THE FIRST AND SECOND YEAR OF SUCH SERVICE, 20 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT PLUS INTEREST THEREON FOR THE THIRD [...]OURTH YEAR OF SUCH SERVICE, AND 30 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT PLUS INTEREST THEREON FOR THE FIFTH YEAR OF SUCH SERVICE

(5) IF, AFTER JUNE 30, 1972, THE MAKER UNDERTAKES SERVICE AS A FULL-TIME STAFF MEMBER IN A PRESCHOOL PROGRAM CARRIED ON UNDER SECTION 222(A) (1) OF THE [...]OMIC OPPORTUNITY ACT OF 1964 (HEAD START) WHICH IS OPERATED FOR A PERIOD WHICH IS COMPARABLE TO A FULL SCHOOL YEAR IN THE LOCALITY, AND PROVIDED [...] THE SALARY OF SUCH STAFF MEMBER IS NOT MORE THAN THE SALARY OF A COMPARABLE EMPLOYEE OF THE LOCAL EDUCATIONAL AGENCY, THE PRINCIPAL AMOUNT OF [...] NOTE SHALL BE REDUCED AT THE RATE OF 15 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN PLUS INTEREST THEREON FOR EACH COMPLETE YEAR OF SUCH [...]CE.

(6) IF, AFTER JUNE 30, 1972, THE MAKER SERVES AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES, UP TO 50 PER CENTUM OF THE PRINCIPAL AMOUNT OF [...] LOAN SHALL BE REDUCED AT THE RATE OF 12-1/2 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN, PLUS INTEREST THEREON, FOR EACH COMPLETE YEAR OF [...]ICE IN AN AREA OF HOSTILITIES THAT QUALIFIES FOR SPECIAL PAY UNDER SECTION 310 OF TITLE 37, UNITED STATES CODE.

(7) THE MAKER IS RESPONSIBLE FOR INFORMING THE LENDING INSTITUTION OF ANY CHANGE OR CHANGES IN HIS ADDRESS.

(8) NOTWITHSTANDING THE REPAYMENT SCHEDULE OTHERWISE CALCULABLE TO PART II, THE MAKER SHALL REPAY THE TOTAL PRINCIPAL AMOUNT OF THIS LOAN AT [...]ATE OF NOT LESS THAN $30 PER MONTH. IN THE EVENT THE MAKER RECEIVES OR HAS RECEIVED OTHER NATIONAL DIRECT STUDENT LOANS FROM OTHER FUNDS AUTHO-[...] BY THE ACT AT ONE OR MORE OTHER LENDING INSTITUTIONS, HE/SHE SHALL REPAY THIS NOTE AT A MONTHLY RATE EQUAL TO NOT LESS THAN THE AMOUNT BY WHICH [...]XCEEDS THE TOTAL MONTHLY RATE OF PRINCIPAL REPAYMENT ON ALL SUCH OTHER LOANS.

(9) IF THE MAKER FAILS TO MAKE TIMELY PAYMENT OF ALL OR ANY PART OF A SCHEDULED INSTALLMENT, OR IF THE MAKER IS ELIGIBLE FOR DEFERMENT OR CANCEL-[...]ON OF PAYMENT (PURSUANT TO PART III(3), (4), (5), OR (6)), BUT FAILS TO SUBMIT TIMELY AND SATISFACTORY EVIDENCE THEREOF, THE MAKER PROMISES TO PAY THE [...]GE ASSESSED AGAINST HIM BY THE LENDING INSTITUTION. NO CHARGE MAY EXCEED (1) WHERE THE LOAN IS REPAYABLE IN MONTHLY INSTALLMENTS, $1 FOR THE FIRST [...]TH OR PART OF A MONTH BY WHICH SUCH INSTALLMENT OR EVIDENCE IS LATE, AND $2 FOR EACH MONTH OR PART OF A MONTH THEREAFTER; OR (2) IN THE CASE OF A LOAN [...]H IS REPAYABLE IN BIMONTHLY OR QUARTERLY INSTALLMENTS, $3 AND $6, RESPECTIVELY, FOR EACH INSTALLMENT INTERVAL OR PART THEREOF BY WHICH SUCH INSTALL-[...] OR EVIDENCE IS LATE. IF THE LENDING INSTITUTION ELECTS TO ADD THE ASSESSED CHARGE TO THE OUTSTANDING PRINCIPAL OF THE LOAN, IT SHALL SO INFORM THE [...]ER PRIOR TO THE DUE DATE OF THE NEXT INSTALLMENT.

THIS NOTE SHALL NOT BE ASSIGNED BY THE LENDING INSTITUTION EXCEPT, UPON TRANSFER OF THE MAKER TO ANOTHER INSTITUTION PARTICIPATING IN THIS PROGRAM [...] IF NOT SO PARTICIPATING, IS ELIGIBLE TO DO SO AND IS APPROVED BY THE COMMISSIONER FOR SUCH PURPOSE), TO SUCH INSTITUTION; PROVIDED THAT ASSIGNMENT MAY [...]ADE TO (A) INSTITUTIONS OTHER THAN THOSE TO WHICH THE MAKER HAS TRANSFERRED OR TO THE UNITED STATES WHERE THE LENDING INSTITUTION CEASES TO FUNCTION [...] N EDUCATIONAL INSTITUTION AND (B) TO THE UNITED STATES IF THIS NOTE HAS BEEN IN DEFAULT FOR TWO YEARS. THE PROVISIONS OF THIS NOTE THAT RELATE TO THE [...]DING INSTITUTION SHALL WHERE APPROPRIATE RELATE TO AN ASSIGNEE.

THE MAKER HEREBY CERTIFIES THAT HE HAS LISTED BELOW ALL OF THE NATIONAL DIRECT STUDENT LOANS (OR NATIONAL DEFENSE STUDENT LOANS) HE HAS OBTAINED [...]THER INSTITUTIONS.

**[SCH]EDULE OF NATIONAL DIRECT STUDENT LOANS AND NATIONAL DEFENSE STUDENT LOANS AT OTHER INSTITUTIONS**

| AMOUNT | DATE | INSTITUTION | SIGNATURE OF MAKER |
|---|---|---|---|
| $ 205— | | F 92567 | |
| $ | | | BEST COPY AVAILABLE AT TIME OF IMAGING |
| $ | | | |

[...]-0003   Michael Johnson   PROMISE TO PAY WAYNE STATE UNIVERSITY, DETROIT, MICHIGA[N]

SUM OF $ ___205___ ADVANCED FOR ___FALL___ QUARTER 19 ___75___ . TOGETHER WITH ALL ATTORNEY'S FEES AN[D]
[OTH]ER COSTS AND CHARGES NECESSARY FOR THE COLLECTION OF ANY AMOUNT NOT PAID WHEN DUE.

[SIG]NATURE _Michael A. Johnson_   DATE _2-6_, 19 _76_

[PER]MANENT ADDRESS _1191 Chalmers_
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

[CA]VEAT — THIS NOTE SHALL BE EXECUTED WITHOUT SECURITY AND WITHOUT ENDORSEMENT, EXCEPT THAT IF THE MAKER IS A MINOR AND THIS NOTE WOULD NOT, UNDER T[HE] [LA]W OF THE STATE IN WHICH THE LENDING INSTITUTION IS LOCATED, CREATE A BINDING OBLIGATION, EITHER SECURITY OR ENDORSEMENT MAY BE REQUIRED. THE LENDI[NG] [IN]STITUTION SHALL SUPPLY A COPY OF THIS NOTE TO THE MAKER.

DATE _____, 19 ___

[SIG]NATURE OF ENDORSER _____

[PER]MANENT ADDRESS _____
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

FORM 10-434 4M

# WAYNE STATE UNIVERSITY
Office of Scholarship and Financial Aids
222 ASB 2 • Detroit, Mich. 48202
313-577-3378

## PROMISSORY NOTE
### NATIONAL DIRECT STUDENT LOAN PROGRAM

THE MAKER UNDERSTANDS AND AGREES, AND IT IS UNDERSTOOD BETWEEN THE PARTIES THAT:

I. ALL SUMS ADVANCED PURSUANT TO THIS NOTE ARE DRAWN FROM A FUND CREATED UNDER PART E OF TITLE IV OF THE HIGHER EDUCATION ACT OF 1965, AS AMEN[DED] HEREINAFTER CALLED THE ACT. SUCH TERMS OF THE NOTE AS ARE SUBJECT TO INTERPRETATION SHALL BE CONSTRUED IN THE LIGHT OF SUCH ACT AND FEDERAL REGULA[TIONS] PERTAINING TO SUCH ACT, COPIES OF WHICH SHALL BE KEPT BY THE LENDING INSTITUTION.

II. REPAYMENT OF PRINCIPAL, TOGETHER WITH INTEREST THEREON, SHALL BE MADE OVER A PERIOD COMMENCING (EXCEPT WHEN PARAGRAPH III(3) IS APPLICABLE) 9 MO[NTHS] AFTER THE DATE ON WHICH THE MAKER CEASES TO CARRY, AT AN INSTITUTION OF HIGHER EDUCATION, OR AT A COMPARABLE INSTITUTION OUTSIDE THE STATES APPR[OVED] FOR THIS PURPOSE BY THE U.S. COMMISSIONER OF EDUCATION, HEREINAFTER CALLED THE COMMISSIONER, AT LEAST ONE-HALF THE NORMAL FULL-TIME ACADEMIC WORK[LOAD] AND ENDING 10 YEARS AND 9 MONTHS AFTER SUCH DATE. INTEREST OF 3 PER CENTUM PER ANNUM SHALL ACCRUE FROM THE BEGINNING OF SUCH REPAYMENT PERIOD. R[EPAY]MENT OF PRINCIPAL, TOGETHER WITH INTEREST THEREON, SHALL BE MADE IN EQUAL (OR, IF THE MAKER SO REQUESTS, IN GRADUATED INSTALLMENTS DETERMINED IN AC[CORD]ANCE WITH SUCH SCHEDULES AS MAY BE APPROVED BY THE LENDING INSTITUTION AND THE COMMISSIONER) QUARTERLY, BIMONTHLY OR MONTHLY INSTALLMENTS (AS D[ETER]MINED BY THE LENDING INSTITUTION) IN ACCORDANCE WITH THE SCHEDULE WHICH IS ATTACHED TO AND MADE PART OF THIS NOTE.

III. THIS NOTE IS SUBJECT ALSO TO THE FOLLOWING CONDITIONS:

(1) THE MAKER MAY AT HIS OPTION AND WITHOUT PENALTY PREPAY ALL OR ANY PART OF THE PRINCIPAL, PLUS THE ACCRUED INTEREST THEREON, AT ANY TIME.

(2) IN THE EVENT OF A FAILURE TO MEET A SCHEDULED REPAYMENT OF ANY OF THE INSTALLMENTS DUE ON THIS NOTE, THE ENTIRE UNPAID INDEBTEDNESS INCL[UDING] INTEREST DUE AND ACCRUED THEREON, SHALL, AT THE OPTION OF THE LENDING INSTITUTION, BECOME IMMEDIATELY DUE AND PAYABLE.

(3) INTEREST SHALL NOT ACCRUE, AND INSTALLMENTS NEED NOT BE PAID DURING ANY PERIOD (A) DURING WHICH THE MAKER IS CARRYING, AT AN INSTITUTI[ON OF] HIGHER EDUCATION OR AT A COMPARABLE INSTITUTION OUTSIDE THE STATES APPROVED FOR THIS PURPOSE BY THE COMMISSIONER, AT LEAST ONE-HALF THE NORMAL [FULL-]TIME ACADEMIC WORKLOAD OR (B) NOT IN EXCESS OF 3 YEARS DURING WHICH THE MAKER (I) IS ON FULL-TIME ACTIVE DUTY AS A MEMBER OF THE ARMED FORCES (ARMY, AIR FORCE, MARINE CORPS, OR COAST GUARD) OF THE UNITED STATES, (II) IS IN SERVICE AS A VOLUNTEER UNDER THE PEACE CORPS ACT, OR (III) IS IN SERVICE AS A VOLU[NTEER] UNDER TITLE VIII OF THE ECONOMIC OPPORTUNITY ACT OF 1965 (VISTA). ANY SUCH PERIOD IN (A) OF (B) SHALL NOT BE INCLUDED IN DETERMINING THE 10-YEAR PERIOD D[URING] WHICH REPAYMENT MUST BE COMPLETED AS SPECIFIED IN PARAGRAPH II.

(4) IF THE MAKER UNDERTAKES SERVICE AFTER JUNE 30, 1972, (A) AS A FULL-TIME TEACHER IN A PUBLIC OR OTHER NONPROFIT PRIVATE ELEMENTARY OR SECO[NDARY] SCHOOL WHICH IS IN A SCHOOL DISTRICT OF A LOCAL EDUCATIONAL AGENCY WHICH IS ELIGIBLE IN SUCH YEAR FOR ASSISTANCE PURSUANT TO TITLE I OF THE ELEMENTA[RY AND] SECONDARY EDUCATION ACT OF 1965 AND WHICH FOR THE PURPOSES OF THIS CLAUSE AND FOR THAT YEAR HAS BEEN DESIGNATED BY THE COMMISSIONER (IN ACCORDANC[E WITH] THE PROVISIONS OF SECTION 465(A) (2) OF THE ACT AS A SCHOOL WITH A HIGH ENROLLMENT OF STUDENTS FROM LOW-INCOME FAMILIES, OR (B) AS A FULL-TIME TEAC[HER OF] HANDICAPPED CHILDREN (INCLUDING MENTALLY RETARDED, HARD OF HEARING, DEAF, SPEECH IMPAIRED, VISUALLY HANDICAPPED, SERIOUSLY EMOTIONALLY DISTURB[ED, OR] OTHER HEALTH-IMPAIRED CHILDREN WHO BY REASON THEREOF REQUIRE SPECIAL EDUCATION) IN A PUBLIC OR OTHER NONPROFIT ELEMENTARY OR SECONDARY SCHOOL S[YSTEM,] FOR EACH COMPLETE YEAR OF SUCH SERVICE THE AMOUNT OF THIS NOTE SHALL BE REDUCED AT THE RATE OF 15 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THI[S NOTE] PLUS INTEREST THEREON FOR THE FIRST AND SECOND YEAR OF SUCH SERVICE, 20 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT PLUS INTEREST THEREON FOR THE [THIRD] AND FOURTH YEAR OF SUCH SERVICE, AND 30 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT PLUS INTEREST THEREON FOR THE FIFTH YEAR OF SUCH SERVICE

(5) IF, AFTER JUNE 30, 1972, THE MAKER UNDERTAKES SERVICE AS A FULL-TIME STAFF MEMBER IN A PRESCHOOL PROGRAM CARRIED ON UNDER SECTION 222(A) (1) [OF THE] ECONOMIC OPPORTUNITY ACT OF 1964 (HEAD START) WHICH IS OPERATED FOR A PERIOD WHICH IS COMPARABLE TO A FULL SCHOOL YEAR IN THE LOCALITY, AND PR[OVIDED] THAT THE SALARY OF SUCH STAFF MEMBER IS NOT MORE THAN THE SALARY OF A COMPARABLE EMPLOYEE OF THE LOCAL EDUCATIONAL AGENCY, THE PRINCIPAL AMO[UNT OF] THIS NOTE SHALL BE REDUCED AT THE RATE OF 15 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN PLUS INTEREST THEREON FOR EACH COMPLETE YEAR O[F SUCH] SERVICE.

(6) IF, AFTER JUNE 30, 1972, THE MAKER SERVES AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES, UP TO 50 PER CENTUM OF THE PRINCIPAL AMO[UNT OF] THIS LOAN SHALL BE REDUCED AT THE RATE OF 12-1/2 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN, PLUS INTEREST THEREON, FOR EACH COMPLETE Y[EAR OF] SERVICE IN AN AREA OF HOSTILITIES THAT QUALIFIES FOR SPECIAL PAY UNDER SECTION 310 OF TITLE 37, UNITED STATES CODE.

(7) THE MAKER IS RESPONSIBLE FOR INFORMING THE LENDING INSTITUTION OF ANY CHANGE OR CHANGES IN HIS ADDRESS.

(8) NOTWITHSTANDING THE REPAYMENT SCHEDULE OTHERWISE CALCULABLE TO PART II, THE MAKER SHALL REPAY THE TOTAL PRINCIPAL AMOUNT OF THIS L[OAN AT] THE RATE OF NOT LESS THAN $30 PER MONTH. IN THE EVENT THE MAKER RECEIVES OR HAS RECEIVED OTHER NATIONAL DIRECT STUDENT LOANS FROM OTHER FUNDS [AUTHO]RIZED BY THE ACT AT ONE OR MORE OTHER LENDING INSTITUTIONS, HE/SHE SHALL REPAY THIS NOTE AT A MONTHLY RATE EQUAL TO NOT LESS THAN THE AMOUNT BY [WHICH] $30 EXCEEDS THE TOTAL MONTHLY RATE OF PRINCIPAL REPAYMENT ON ALL SUCH OTHER LOANS.

(9) IF THE MAKER FAILS TO MAKE TIMELY PAYMENT OF ALL OR ANY PART OF A SCHEDULED INSTALLMENT, OR IF THE MAKER IS ELIGIBLE FOR DEFERMENT OR C[ANCEL]LATION OF PAYMENT (PURSUANT TO PART III(3), (4), (5), OR (6)), BUT FAILS TO SUBMIT TIMELY AND SATISFACTORY EVIDENCE THEREOF, THE MAKER PROMISES TO P[AY A] CHARGE ASSESSED AGAINST HIM BY THE LENDING INSTITUTION. NO CHARGE MAY EXCEED (1) WHERE THE LOAN IS REPAYABLE IN MONTHLY INSTALLMENTS, $1 FOR TH[E FIRST] MONTH OR PART OF A MONTH BY WHICH SUCH INSTALLMENT OR EVIDENCE IS LATE, AND $2 FOR EACH MONTH OR PART OF A MONTH THEREAFTER; OR (2) IN THE CASE OF [A LOAN] WHICH IS REPAYABLE IN BIMONTHLY OR QUARTERLY INSTALLMENTS, $3 AND $6, RESPECTIVELY, FOR EACH INSTALLMENT INTERVAL OR PART THEREOF BY WHICH SUCH IN[STALL]MENT OR EVIDENCE IS LATE. IF THE LENDING INSTITUTION ELECTS TO ADD THE ASSESSED CHARGE TO THE OUTSTANDING PRINCIPAL OF THE LOAN, IT SHALL SO INFO[RM THE] MAKER PRIOR TO THE DUE DATE OF THE NEXT INSTALLMENT.

IV. THIS NOTE SHALL NOT BE ASSIGNED BY THE LENDING INSTITUTION EXCEPT, UPON TRANSFER OF THE MAKER TO ANOTHER INSTITUTION PARTICIPATING IN THIS PR[OGRAM] (OR, IF NOT SO PARTICIPATING, IS ELIGIBLE TO DO SO AND IS APPROVED BY THE COMMISSIONER FOR SUCH PURPOSE), TO SUCH INSTITUTION; PROVIDED THAT ASSIGNME[NT MAY] BE MADE TO (A) INSTITUTIONS OTHER THAN THOSE TO WHICH THE MAKER HAS TRANSFERRED OR TO THE UNITED STATES WHERE THE LENDING INSTITUTION CEASES TO F[UNCTION] AS AN EDUCATIONAL INSTITUTION AND (B) TO THE UNITED STATES IF THIS NOTE HAS BEEN IN DEFAULT FOR TWO YEARS. THE PROVISIONS OF THIS NOTE THAT RELATE [TO THE] LENDING INSTITUTION SHALL WHERE APPROPRIATE RELATE TO AN ASSIGNEE.

V. THE MAKER HEREBY CERTIFIES THAT HE HAS LISTED BELOW ALL OF THE NATIONAL DIRECT STUDENT LOANS (OR NATIONAL DEFENSE STUDENT LOANS) HE HAS OB[TAINED] AT OTHER INSTITUTIONS.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

| | | | | | |
|---|---|---|---|---|---|
| 1 S RUN NO. 88 | 0-00-00 | 80.00 FCC | 125.00 CK | CHECK NO. | 930396 |
| 2 S | | | | | |
| 3 S | | | | | |

— BEST COPY AVAILABLE AT TIME OF IMAGING —

I, MICHAEL A JOHNSON    ID ███-0003    PROMISE TO P[AY ... WAYNE] STATE UNIVERSITY, DETROIT, M[ICHIGAN]

THE SUM OF $ 205.00    ADVANCED FOR    SPRING    QUARTER 19 76 , TOGETHER WITH ALL ATTORNEY'S [FEES AND] OTHER COSTS AND CHARGES NECESSARY FOR THE COLLECTION OF ANY AMOUNT NOT PAID WHEN DUE.

SIGNATURE _Michael A. Johnson_    DATE 4-8, 19 76

PERMANENT ADDRESS _____
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

CAVEAT – THIS NOTE SHALL BE EXECUTED WITHOUT SECURITY AND WITHOUT ENDORSEMENT, EXCEPT THAT IF THE MAKER IS A MINOR AND THIS NOTE WOULD NOT, U[NDER] LAW OF THE STATE IN WHICH THE LENDING INSTITUTION IS LOCATED, CREATE A BINDING OBLIGATION, EITHER SECURITY OR ENDORSEMENT MAY BE REQUIRED. THE [LENDING] INSTITUTION SHALL SUPPLY A COPY OF THIS NOTE TO THE MAKER.

✓    DATE _____, 19 ___

SIGNATURE OF ENDORSER _____

PERMANENT ADDRESS _____
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

FORM 1[*]

Case 5:13-cv-15236-JCO-PJK  ECF No. 1, PageID.9  Filed 12/26/13  Page 9 of 13

**WAYNE STATE UNIVERSITY**
Office of Scholarship and Financial Aids
22 ASB 2 • Detroit, Mich. 48202
313-577-3378

**PROMISSORY NOTE**
**NATIONAL DIRECT STUDENT LOAN PROGRAM**

THE MAKER UNDERSTANDS AND AGREES, AND IT IS UNDERSTOOD BETWEEN THE PARTIES THAT:

I. ALL SUMS ADVANCED PURSUANT TO THIS NOTE ARE DRAWN FROM A FUND CREATED UNDER PART E OF TITLE IV OF THE HIGHER EDUCATION ACT OF 1965, AS AMEN[DED] HEREINAFTER CALLED THE ACT. SUCH TERMS OF THE NOTE AS ARE SUBJECT TO INTERPRETATION SHALL BE CONSTRUED IN THE LIGHT OF SUCH ACT AND FEDERAL REGULAT[IONS] PERTAINING TO SUCH ACT, COPIES OF WHICH SHALL BE KEPT BY THE LENDING INSTITUTION.

II. REPAYMENT OF PRINCIPAL, TOGETHER WITH INTEREST THEREON, SHALL BE MADE OVER A PERIOD COMMENCING (EXCEPT WHEN PARAGRAPH III(3) IS APPLICABLE) 9 MO[NTHS] AFTER THE DATE ON WHICH THE MAKER CEASES TO CARRY, AT AN INSTITUTION OF HIGHER EDUCATION, OR AT A COMPARABLE INSTITUTION OUTSIDE THE STATES APPRO[VED] FOR THIS PURPOSE BY THE U.S. COMMISSIONER OF EDUCATION, HEREINAFTER CALLED THE COMMISSIONER, AT LEAST ONE-HALF THE NORMAL FULL-TIME ACADEMIC WORKL[OAD] AND ENDING 10 YEARS AND 9 MONTHS AFTER SUCH DATE. INTEREST OF 3 PER CENTUM PER ANNUM SHALL ACCRUE FROM THE BEGINNING OF SUCH REPAYMENT PERIOD. RE[PAY]MENT OF PRINCIPAL, TOGETHER WITH INTEREST THEREON, SHALL BE MADE IN EQUAL (OR, IF THE MAKER SO REQUESTS, IN GRADUATED INSTALLMENTS DETERMINED IN ACC[ORD]ANCE WITH SUCH SCHEDULES AS MAY BE APPROVED BY THE LENDING INSTITUTION AND THE COMMISSIONER) QUARTERLY, BIMONTHLY OR MONTHLY INSTALLMENTS (AS DE[TER]MINED BY THE LENDING INSTITUTION) IN ACCORDANCE WITH THE SCHEDULE WHICH IS ATTACHED TO AND MADE PART OF THIS NOTE.

III. THIS NOTE IS SUBJECT ALSO TO THE FOLLOWING CONDITIONS:

(1) THE MAKER MAY AT HIS OPTION AND WITHOUT PENALTY PREPAY ALL OR ANY PART OF THE PRINCIPAL, PLUS THE ACCRUED INTEREST THEREON, AT ANY TIME.

(2) IN THE EVENT OF A FAILURE TO MEET A SCHEDULED REPAYMENT OF ANY OF THE INSTALLMENTS DUE ON THIS NOTE, THE ENTIRE UNPAID INDEBTEDNESS INCLU[DING] INTEREST DUE AND ACCRUED THEREON, SHALL, AT THE OPTION OF THE LENDING INSTITUTION, BECOME IMMEDIATELY DUE AND PAYABLE.

(3) INTEREST SHALL NOT ACCRUE, AND INSTALLMENTS NEED NOT BE PAID DURING ANY PERIOD (A) DURING WHICH THE MAKER IS CARRYING, AT AN INSTITUTI[ON OF] HIGHER EDUCATION OR AT A COMPARABLE INSTITUTION OUTSIDE THE STATES APPROVED FOR THIS PURPOSE BY THE COMMISSIONER, AT LEAST ONE-HALF THE NORMAL F[ULL]-TIME ACADEMIC WORKLOAD OR (B) NOT IN EXCESS OF 3 YEARS DURING WHICH THE MAKER (I) IS ON FULL-TIME ACTIVE DUTY AS A MEMBER OF THE ARMED FORCES (ARMY, N[AVY,] AIR FORCE, MARINE CORPS, OR COAST GUARD) OF THE UNITED STATES, (II) IS IN SERVICE AS A VOLUNTEER UNDER THE PEACE CORPS ACT, OR (III) IS IN SERVICE AS A VOLUN[TEER] UNDER TITLE VIII OF THE ECONOMIC OPPORTUNITY ACT OF 1965 (VISTA). ANY SUCH PERIOD IN (A) OR (B) SHALL NOT BE INCLUDED IN DETERMINING THE 10-YEAR PERIOD DU[RING] WHICH REPAYMENT MUST BE COMPLETED AS SPECIFIED IN PARAGRAPH II.

(4) IF THE MAKER UNDERTAKES SERVICE AFTER JUNE 30, 1972, (A) AS A FULL-TIME TEACHER IN A PUBLIC OR OTHER NONPROFIT PRIVATE ELEMENTARY OR SECON[DARY] SCHOOL WHICH IS IN A SCHOOL DISTRICT OF A LOCAL EDUCATIONAL AGENCY WHICH IS ELIGIBLE IN SUCH YEAR FOR ASSISTANCE PURSUANT TO TITLE I OF THE ELEMENTARY [AND] SECONDARY EDUCATION ACT OF 1965 AND WHICH FOR THE PURPOSES OF THIS CLAUSE AND FOR THAT YEAR HAS BEEN DESIGNATED BY THE COMMISSIONER IN ACCORDANCE [WITH] THE PROVISIONS OF SECTION 465(A) (2) OF THE ACT AS A SCHOOL WITH A HIGH ENROLLMENT OF STUDENTS FROM LOW-INCOME FAMILIES, OR (B) AS A FULL-TIME TEACH[ER OF] HANDICAPPED CHILDREN (INCLUDING MENTALLY RETARDED, HARD OF HEARING, DEAF, SPEECH IMPAIRED, VISUALLY HANDICAPPED, SERIOUSLY EMOTIONALLY DISTURBE[D,] OTHER HEALTH-IMPAIRED CHILDREN WHO BY REASON THEREOF REQUIRE SPECIAL EDUCATION) IN A PUBLIC OR OTHER NONPROFIT ELEMENTARY OR SECONDARY SCHOOL SYS[TEM,] FOR EACH COMPLETE YEAR OF SUCH SERVICE THE AMOUNT OF THIS NOTE SHALL BE REDUCED AT THE RATE OF 15 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE [LOAN] PLUS INTEREST THEREON FOR THE FIRST AND SECOND YEAR OF SUCH SERVICE. 20 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT PLUS INTEREST THEREON FOR THE T[HIRD] AND FOURTH YEAR OF SUCH SERVICE, AND 30 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT PLUS INTEREST THEREON FOR THE FIFTH YEAR OF SUCH SERVICE

(5) IF, AFTER JUNE 30, 1972, THE MAKER UNDERTAKES SERVICE AS A FULL-TIME STAFF MEMBER IN A PRESCHOOL PROGRAM CARRIED ON UNDER SECTION 222(A) (1) O[F THE] ECONOMIC OPPORTUNITY ACT OF 1964 (HEAD START) WHICH IS OPERATED FOR A PERIOD WHICH IS COMPARABLE TO A FULL SCHOOL YEAR IN THE LOCALITY, AND PROV[IDED] THAT THE SALARY OF SUCH STAFF MEMBER IS NOT MORE THAN THE SALARY OF A COMPARABLE EMPLOYEE OF THE LOCAL EDUCATIONAL AGENCY, THE PRINCIPAL AMOU[NT OF] THIS NOTE SHALL BE REDUCED AT THE RATE OF 15 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN PLUS INTEREST THEREON FOR EACH COMPLETE YEAR OF SERVICE.

(6) IF, AFTER JUNE 30, 1972, THE MAKER SERVES AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES, UP TO 50 PER CENTUM OF THE PRINCIPAL AMOU[NT OF] THIS LOAN SHALL BE REDUCED AT THE RATE OF 12-1/2 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN, PLUS INTEREST THEREON, FOR EACH COMPLETE YEA[R OF] SERVICE IN AN AREA OF HOSTILITIES THAT QUALIFIES FOR SPECIAL PAY UNDER SECTION 310 OF TITLE 37, UNITED STATES CODE.

(7) THE MAKER IS RESPONSIBLE FOR INFORMING THE LENDING INSTITUTION OF ANY CHANGE OR CHANGES IN HIS ADDRESS.

(8) NOTWITHSTANDING THE REPAYMENT SCHEDULE OTHERWISE CALCULABLE TO PART II, THE MAKER SHALL REPAY THE TOTAL PRINCIPAL AMOUNT OF THIS LO[AN AT] THE RATE OF NOT LESS THAN $30 PER MONTH. IN THE EVENT THE MAKER RECEIVES OR HAS RECEIVED OTHER NATIONAL DIRECT STUDENT LOANS FROM OTHER FUNDS A[UTHO]RIZED BY THE ACT AT ONE OR MORE OTHER LENDING INSTITUTIONS, HE/SHE SHALL REPAY THIS NOTE AT A MONTHLY RATE EQUAL TO NOT LESS THAN THE AMOUNT BY W[HICH] $30 EXCEEDS THE TOTAL MONTHLY RATE OF PRINCIPAL REPAYMENT ON ALL SUCH OTHER LOANS.

(9) IF THE MAKER FAILS TO MAKE TIMELY PAYMENT OF ALL OR ANY PART OF A SCHEDULED INSTALLMENT, OR IF THE MAKER IS ELIGIBLE FOR DEFERMENT OR CA[NCEL]LATION OF PAYMENT (PURSUANT TO PART III(3), (4), (5), OR (6)), BUT FAILS TO SUBMIT TIMELY AND SATISFACTORY EVIDENCE THEREOF, THE MAKER PROMISES TO PA[Y A] CHARGE ASSESSED AGAINST HIM BY THE LENDING INSTITUTION. NO CHARGE MAY EXCEED (1) WHERE THE LOAN IS REPAYABLE IN MONTHLY INSTALLMENTS, $1 FOR THE [FIRST] MONTH OR PART OF A MONTH BY WHICH SUCH INSTALLMENT OR EVIDENCE IS LATE, AND $2 FOR EACH MONTH OR PART OF A MONTH THEREAFTER; OR (2) IN THE CASE OF A [LOAN] WHICH IS REPAYABLE IN BIMONTHLY OR QUARTERLY INSTALLMENTS, $3 AND $6, RESPECTIVELY, FOR EACH INSTALLMENT INTERVAL OR PART THEREOF BY WHICH SUCH INST[ALL]MENT OR EVIDENCE IS LATE. IF THE LENDING INSTITUTION ELECTS TO ADD THE ASSESSED CHARGE TO THE OUTSTANDING PRINCIPAL OF THE LOAN, IT SHALL SO INFOR[M THE] MAKER PRIOR TO THE DUE DATE OF THE NEXT INSTALLMENT.

IV. THIS NOTE SHALL NOT BE ASSIGNED BY THE LENDING INSTITUTION EXCEPT, UPON TRANSFER OF THE MAKER TO ANOTHER INSTITUTION PARTICIPATING IN THIS PRO[GRAM] (OR, IF NOT SO PARTICIPATING, IS ELIGIBLE TO DO SO AND IS APPROVED BY THE COMMISSIONER FOR SUCH PURPOSE), TO SUCH INSTITUTION; PROVIDED THAT ASSIGNMEN[T MAY] BE MADE TO (A) INSTITUTIONS OTHER THAN THOSE TO WHICH THE MAKER HAS TRANSFERRED OR TO THE UNITED STATES WHERE THE LENDING INSTITUTION CEASES TO FUN[CTION] AS AN EDUCATIONAL INSTITUTION AND (B) TO THE UNITED STATES IF THIS NOTE HAS BEEN IN DEFAULT FOR TWO YEARS. THE PROVISIONS OF THIS NOTE THAT RELATE T[O THE] LENDING INSTITUTION SHALL WHERE APPROPRIATE RELATE TO AN ASSIGNEE.

V. THE MAKER HEREBY CERTIFIES THAT HE HAS LISTED BELOW ALL OF THE NATIONAL DIRECT STUDENT LOANS (OR NATIONAL DEFENSE STUDENT LOANS) HE HAS OBT[AINED] AT OTHER INSTITUTIONS.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

| | S RUN NO. | 97 | 6-25-76 | 285.00 FCC | 48.00 CK | CHECK NO. 933523 |
|---|---|---|---|---|---|---|
| 2 | S | | | | | |
| 3 | S | | | | | |

BEST COPY AVAILABLE — AT TIME OF IMAGING

I, **MICHAEL A JOHNSON** ID ███████-0003 PROMISE TO PAY WAYNE STATE UNIVERSITY, DETROIT, MICH[IGAN]

THE SUM OF $ **333.00** ADVANCED FOR **SUMMER** QUARTER 19 **76**, TOGETHER WITH ALL ATTORNEY'S FE[ES,] OTHER COSTS AND CHARGES NECESSARY FOR THE COLLECTION OF ANY AMOUNT NOT PAID WHEN DUE.

SIGNATURE _Michael A. Johnson_ DATE **12 July** 19 **76**

PERMANENT ADDRESS **4474 Third # 305 Detroit M. 48201**
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

CAVEAT — THIS NOTE SHALL BE EXECUTED WITHOUT SECURITY AND WITHOUT ENDORSEMENT, EXCEPT THAT IF THE MAKER IS A MINOR AND THIS NOTE WOULD NOT, UND[ER] LAW OF THE STATE IN WHICH THE LENDING INSTITUTION IS LOCATED, CREATE A BINDING OBLIGATION, EITHER SECURITY OR ENDORSEMENT MAY BE REQUIRED. THE L[ENDING] INSTITUTION SHALL SUPPLY A COPY OF THIS NOTE TO THE MAKER.

DATE _____, 19 ____

SIGNATURE OF ENDORSER _____

PERMANENT ADDRESS _____
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

FORM 16-454

**NE STATE UNIVERSITY**
Scholarship and Financial Aids
2 • Detroit, Mich. 48202
-3378

**PROMISSORY NOTE**
**NATIONAL DIRECT STUDENT LOAN PROGRAM**

KER UNDERSTANDS AND AGREES, AND IT IS UNDERSTOOD BETWEEN THE PARTIES THAT:

LL SUMS ADVANCED PURSUANT TO THIS NOTE ARE DRAWN FROM A FUND CREATED UNDER PART E OF TITLE IV OF THE HIGHER EDUCATION ACT OF 1965, AS AMENDED (AFTER CALLED THE ACT. SUCH TERMS OF THE NOTE AS ARE SUBJECT TO INTERPRETATION SHALL BE CONSTRUED IN THE LIGHT OF SUCH ACT AND FEDERAL REGULATIONS NING TO SUCH ACT, COPIES OF WHICH SHALL BE KEPT BY THE LENDING INSTITUTION.

:EPAYMENT OF PRINCIPAL, TOGETHER WITH INTEREST THEREON, SHALL BE MADE OVER A PERIOD COMMENCING (EXCEPT WHEN PARAGRAPH III(3) IS APPLICABLE) 9 MONTHS THE DATE ON WHICH THE MAKER CEASES TO CARRY, AT AN INSTITUTION OF HIGHER EDUCATION, OR AT A COMPARABLE INSTITUTION OUTSIDE THE STATES APPROVED IS PURPOSE BY THE U.S. COMMISSIONER OF EDUCATION, HEREINAFTER CALLED THE COMMISSIONER, AT LEAST ONE-HALF THE NORMAL FULL-TIME ACADEMIC WORKLOAD NDING 10 YEARS AND 9 MONTHS AFTER SUCH DATE. INTEREST OF 3 PER CENTUM PER ANNUM SHALL ACCRUE FROM THE BEGINNING OF SUCH REPAYMENT PERIOD. REPAY OF PRINCIPAL, TOGETHER WITH INTEREST THEREON, SHALL BE MADE IN EQUAL (OR, IF THE MAKER SO REQUESTS, IN GRADUATED INSTALLMENTS DETERMINED IN ACCORD WITH SUCH SCHEDULES AS MAY BE APPROVED BY THE LENDING INSTITUTION AND THE COMMISSIONER) QUARTERLY, BIMONTHLY OR MONTHLY INSTALLMENTS (AS DETER BY THE LENDING INSTITUTION) IN ACCORDANCE WITH THE SCHEDULE WHICH IS ATTACHED TO AND MADE PART OF THIS NOTE.

HIS NOTE IS SUBJECT ALSO TO THE FOLLOWING CONDITIONS:

(1) THE MAKER MAY AT HIS OPTION AND WITHOUT PENALTY PREPAY ALL OR ANY PART OF THE PRINCIPAL, PLUS THE ACCRUED INTEREST THEREON, AT ANY TIME.

(2) IN THE EVENT OF A FAILURE TO MEET A SCHEDULED REPAYMENT OF ANY OF THE INSTALLMENTS DUE ON THIS NOTE, THE ENTIRE UNPAID INDEBTEDNESS INCLUDING ST DUE AND ACCRUED THEREON, SHALL, AT THE OPTION OF THE LENDING INSTITUTION, BECOME IMMEDIATELY DUE AND PAYABLE.

(3) INTEREST SHALL NOT ACCRUE, AND INSTALLMENTS NEED NOT BE PAID DURING ANY PERIOD (A) DURING WHICH THE MAKER IS CARRYING, AT AN INSTITUTION OF R EDUCATION OR AT A COMPARABLE INSTITUTION OUTSIDE THE STATES APPROVED FOR THIS PURPOSE BY THE COMMISSIONER, AT LEAST ONE-HALF THE NORMAL FULL-ACADEMIC WORKLOAD OR (B) NOT IN EXCESS OF 3 YEARS DURING WHICH THE MAKER (I) IS ON FULL-TIME ACTIVE DUTY AS A MEMBER OF THE ARMED FORCES (ARMY, NAVY, IRCE, MARINE CORPS, OR COAST GUARD) OF THE UNITED STATES, (II) IS IN SERVICE AS A VOLUNTEER UNDER THE PEACE CORPS ACT, OR (III) IS IN SERVICE AS A VOLUNTEER TITLE VIII OF THE ECONOMIC OPPORTUNITY ACT OF 1965 (VISTA). ANY SUCH PERIOD IN (A) OR (B) SHALL NOT BE INCLUDED IN DETERMINING THE 10-YEAR PERIOD DURING REPAYMENT MUST BE COMPLETED AS SPECIFIED IN PARAGRAPH II.

(4) IF THE MAKER UNDERTAKES SERVICE AFTER JUNE 30, 1972, (A) AS A FULL-TIME TEACHER IN A PUBLIC OR OTHER NONPROFIT PRIVATE ELEMENTARY OR SECONDARY L WHICH IS IN A SCHOOL DISTRICT OF A LOCAL EDUCATIONAL AGENCY WHICH IS ELIGIBLE IN SUCH YEAR FOR ASSISTANCE PURSUANT TO TITLE I OF THE ELEMENTARY AND DARY EDUCATION ACT OF 1965 AND WHICH FOR THE PURPOSES OF THIS CLAUSE AND FOR THAT YEAR HAS BEEN DESIGNATED BY THE COMMISSIONER IN ACCORDANCE WITH OVISIONS OF SECTION 465(A) (2) OF THE ACT AS A SCHOOL WITH A HIGH ENROLLMENT OF STUDENTS FROM LOW-INCOME FAMILIES, OR (B) AS A FULL-TIME TEACHER OF CAPPED CHILDREN (INCLUDING MENTALLY RETARDED, HARD OF HEARING, DEAF, SPEECH IMPAIRED, VISUALLY HANDICAPPED, SERIOUSLY EMOTIONALLY DISTURBED, OR HEALTH-IMPAIRED CHILDREN WHO BY REASON THEREOF REQUIRE SPECIAL EDUCATION) IN A PUBLIC OR OTHER NONPROFIT ELEMENTARY OR SECONDARY SCHOOL SYSTEM, ACH COMPLETE YEAR OF SUCH SERVICE THE AMOUNT OF THIS NOTE SHALL BE REDUCED AT THE RATE OF 15 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN INTEREST THEREON FOR THE FIRST AND SECOND YEAR OF SUCH SERVICE, 20 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT PLUS INTEREST THEREON FOR THE THIRD OURTH YEAR OF SUCH SERVICE, AND 30 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT PLUS INTEREST THEREON FOR THE FIFTH YEAR OF SUCH SERVICE

(5) IF, AFTER JUNE 30, 1972, THE MAKER UNDERTAKES SERVICE AS A FULL-TIME STAFF MEMBER IN A PRESCHOOL PROGRAM CARRIED ON UNDER SECTION 222(A) (1) OF THE MIC OPPORTUNITY ACT OF 1964 (HEAD START) WHICH IS OPERATED FOR A PERIOD WHICH IS COMPARABLE TO A FULL SCHOOL YEAR IN THE LOCALITY, AND PROVIDED THE SALARY OF SUCH STAFF MEMBER IS NOT MORE THAN THE SALARY OF A COMPARABLE EMPLOYEE OF THE LOCAL EDUCATIONAL AGENCY, THE PRINCIPAL AMOUNT OF OTE SHALL BE REDUCED AT THE RATE OF 15 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN PLUS INTEREST THEREON FOR EACH COMPLETE YEAR OF SUCH CE.

(6) IF, AFTER JUNE 30, 1972, THE MAKER SERVES AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES, UP TO 50 PER CENTUM OF THE PRINCIPAL AMOUNT OF OAN SHALL BE REDUCED AT THE RATE OF 12-1/2 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN, PLUS INTEREST THEREON, FOR EACH COMPLETE YEAR OF CE IN AN AREA OF HOSTILITIES THAT QUALIFIES FOR SPECIAL PAY UNDER SECTION 310 OF TITLE 37, UNITED STATES CODE.

(7) THE MAKER IS RESPONSIBLE FOR INFORMING THE LENDING INSTITUTION OF ANY CHANGE OR CHANGES IN HIS ADDRESS.

(8) NOTWITHSTANDING THE REPAYMENT SCHEDULE OTHERWISE CALCULABLE TO PART II, THE MAKER SHALL REPAY THE TOTAL PRINCIPAL AMOUNT OF THIS LOAN AT ATE OF NOT LESS THAN $30 PER MONTH. IN THE EVENT THE MAKER RECEIVES OR HAS RECEIVED OTHER NATIONAL DIRECT STUDENT LOANS FROM OTHER FUNDS AUTHO-BY THE ACT AT ONE OR MORE OTHER LENDING INSTITUTIONS, HE/SHE SHALL REPAY THIS NOTE AT A MONTHLY RATE EQUAL TO NOT LESS THAN THE AMOUNT BY WHICH CEEDS THE TOTAL MONTHLY RATE OF PRINCIPAL REPAYMENT ON ALL SUCH OTHER LOANS.

(9) IF THE MAKER FAILS TO MAKE TIMELY PAYMENT OF ALL OR ANY PART OF A SCHEDULED INSTALLMENT, OR IF THE MAKER IS ELIGIBLE FOR DEFERMENT OR CANCEL-N OF PAYMENT (PURSUANT TO PART III(3), (4), (5), OR (6)), BUT FAILS TO SUBMIT TIMELY AND SATISFACTORY EVIDENCE THEREOF, THE MAKER PROMISES TO PAY THE GE ASSESSED AGAINST HIM BY THE LENDING INSTITUTION. NO CHARGE MAY EXCEED (1) WHERE THE LOAN IS REPAYABLE IN MONTHLY INSTALLMENTS, $1 FOR THE FIRST H OR PART OF A MONTH BY WHICH SUCH INSTALLMENT OR EVIDENCE IS LATE, AND $2 FOR EACH MONTH OR PART OF A MONTH THEREAFTER; OR (2) IN THE CASE OF A LOAN H IS REPAYABLE IN BIMONTHLY OR QUARTERLY INSTALLMENTS, $3 AND $6, RESPECTIVELY, FOR EACH INSTALLMENT INTERVAL OR PART THEREOF BY WHICH SUCH INSTALL-OR EVIDENCE IS LATE. IF THE LENDING INSTITUTION ELECTS TO ADD THE ASSESSED CHARGE TO THE OUTSTANDING PRINCIPAL OF THE LOAN, IT SHALL SO INFORM THE R PRIOR TO THE DUE DATE OF THE NEXT INSTALLMENT.

THIS NOTE SHALL NOT BE ASSIGNED BY THE LENDING INSTITUTION EXCEPT, UPON TRANSFER OF THE MAKER TO ANOTHER INSTITUTION PARTICIPATING IN THIS PROGRAM IF NOT SO PARTICIPATING, IS ELIGIBLE TO DO SO AND IS APPROVED BY THE COMMISSIONER FOR SUCH PURPOSE), TO SUCH INSTITUTION; PROVIDED THAT ASSIGNMENT MAY ADE TO (A) INSTITUTIONS OTHER THAN THOSE TO WHICH THE MAKER HAS TRANSFERRED OR TO THE UNITED STATES WHERE THE LENDING INSTITUTION CEASES TO FUNCTION N EDUCATIONAL INSTITUTION AND (B) TO THE UNITED STATES IF THIS NOTE HAS BEEN IN DEFAULT FOR TWO YEARS. THE PROVISIONS OF THIS NOTE THAT RELATE TO THE NG INSTITUTION SHALL WHERE APPROPRIATE RELATE TO AN ASSIGNEE.

THE MAKER HEREBY CERTIFIES THAT HE HAS LISTED BELOW ALL OF THE NATIONAL DIRECT STUDENT LOANS (OR NATIONAL DEFENSE STUDENT LOANS) HE HAS OBTAINED THER INSTITUTIONS.

| | | | | |
|---|---|---|---|---|
| S | RUN NO. 116 | 1-21-77 | 230.00 FCC | 0.00 CK |
| S | | | | |
| S | | | | |

BEST COPY AVAILABLE AT TIME OF IMAGING

**MICHAEL A JOHNSON**       ID ████-0003   PROMISE TO PAY WAYNE STATE UNIVERSITY, DETROIT, MICHIGAN

SUM OF $ __230.00__ ADVANCED FOR __WINTER__ QUARTER 19 __77__. TOGETHER WITH ALL ATTORNEY'S FEES AN ER COSTS AND CHARGES NECESSARY FOR THE COLLECTION OF ANY AMOUNT NOT PAID WHEN DUE.

NATURE X _Michael A. Johnson_                         DATE __2/25__, 19 __77__

MANENT ADDRESS __5538 Cass Apt 9 Det M. 48202__
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

VEAT — THIS NOTE SHALL BE EXECUTED WITHOUT SECURITY AND WITHOUT ENDORSEMENT, EXCEPT THAT IF THE MAKER IS A MINOR AND THIS NOTE WOULD NOT, UNDER TH N OF THE STATE IN WHICH THE LENDING INSTITUTION IS LOCATED, CREATE A BINDING OBLIGATION, EITHER SECURITY OR ENDORSEMENT MAY BE REQUIRED. THE LENDIN TITUTION SHALL SUPPLY A COPY OF THIS NOTE TO THE MAKER.

                                           DATE _____, 19 _____

NATURE OF ENDORSER _____

RMANENT ADDRESS _____
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

FORM 10-486 1066 6-7

# WAYNE STATE UNIVERSITY
Scholarship and Financial Aids
2 • Detroit, Mich. 48202
3378

## PROMISSORY NOTE
### NATIONAL DIRECT STUDENT LOAN PROGRAM

MAKER UNDERSTANDS AND AGREES, AND IT IS UNDERSTOOD BETWEEN THE PARTIES THAT:

ALL SUMS ADVANCED PURSUANT TO THIS NOTE ARE DRAWN FROM A FUND CREATED UNDER PART E OF TITLE IV OF THE HIGHER EDUCATION ACT OF 1965, AS AMENDED, HEREINAFTER CALLED THE ACT. SUCH TERMS OF THE NOTE AS ARE SUBJECT TO INTERPRETATION SHALL BE CONSTRUED IN THE LIGHT OF SUCH ACT AND FEDERAL REGULATIONS PERTAINING TO SUCH ACT, COPIES OF WHICH SHALL BE KEPT BY THE LENDING INSTITUTION.

I. REPAYMENT OF PRINCIPAL, TOGETHER WITH INTEREST THEREON, SHALL BE MADE OVER A PERIOD COMMENCING (EXCEPT WHEN PARAGRAPH III(3) IS APPLICABLE) 9 MONTHS AFTER THE DATE ON WHICH THE MAKER CEASES TO CARRY, AT AN INSTITUTION OF HIGHER EDUCATION, OR AT A COMPARABLE INSTITUTION OUTSIDE THE STATES APPROVED FOR THIS PURPOSE BY THE U.S. COMMISSIONER OF EDUCATION, HEREINAFTER CALLED THE COMMISSIONER, AT LEAST ONE-HALF THE NORMAL FULL-TIME ACADEMIC WORKLOAD AND ENDING 10 YEARS AND 9 MONTHS AFTER SUCH DATE. INTEREST OF 3 PER CENTUM PER ANNUM SHALL ACCRUE FROM THE BEGINNING OF SUCH REPAYMENT PERIOD. REPAYMENT OF PRINCIPAL, TOGETHER WITH INTEREST THEREON, SHALL BE MADE IN EQUAL (OR, IF THE MAKER SO REQUESTS, IN GRADUATED INSTALLMENTS DETERMINED IN ACCORDANCE WITH SUCH SCHEDULES AS MAY BE APPROVED BY THE LENDING INSTITUTION AND THE COMMISSIONER) QUARTERLY, BIMONTHLY OR MONTHLY INSTALLMENTS (AS DETERMINED BY THE LENDING INSTITUTION) IN ACCORDANCE WITH THE SCHEDULE WHICH IS ATTACHED TO AND MADE PART OF THIS NOTE.

II. THIS NOTE IS SUBJECT ALSO TO THE FOLLOWING CONDITIONS:

(1) THE MAKER MAY AT HIS OPTION AND WITHOUT PENALTY PREPAY ALL OR ANY PART OF THE PRINCIPAL, PLUS THE ACCRUED INTEREST THEREON, AT ANY TIME.

(2) IN THE EVENT OF A FAILURE TO MEET A SCHEDULED REPAYMENT OF ANY OF THE INSTALLMENTS DUE ON THIS NOTE, THE ENTIRE UNPAID INDEBTEDNESS INCLUDING INTEREST DUE AND ACCRUED THEREON, SHALL, AT THE OPTION OF THE LENDING INSTITUTION, BECOME IMMEDIATELY DUE AND PAYABLE.

(3) INTEREST SHALL NOT ACCRUE, AND INSTALLMENTS NEED NOT BE PAID DURING ANY PERIOD (A) DURING WHICH THE MAKER IS CARRYING, AT AN INSTITUTION OF HIGHER EDUCATION OR AT A COMPARABLE INSTITUTION OUTSIDE THE STATES APPROVED FOR THIS PURPOSE BY THE COMMISSIONER, AT LEAST ONE-HALF THE NORMAL FULL-TIME ACADEMIC WORKLOAD OR (B) NOT IN EXCESS OF 3 YEARS DURING WHICH THE MAKER (I) IS ON FULL-TIME ACTIVE DUTY AS A MEMBER OF THE ARMED FORCES (ARMY, NAVY, AIR FORCE, MARINE CORPS, OR COAST GUARD) OF THE UNITED STATES, (II) IS IN SERVICE AS A VOLUNTEER UNDER THE PEACE CORPS ACT, OR (III) IS IN SERVICE AS A VOLUNTEER UNDER TITLE VIII OF THE ECONOMIC OPPORTUNITY ACT OF 1965 (VISTA). ANY SUCH PERIOD IN (A) OR (B) SHALL NOT BE INCLUDED IN DETERMINING THE 10-YEAR PERIOD DURING WHICH REPAYMENT MUST BE COMPLETED AS SPECIFIED IN PARAGRAPH II.

(4) IF THE MAKER UNDERTAKES SERVICE AFTER JUNE 30, 1972, (A) AS A FULL-TIME TEACHER IN A PUBLIC OR OTHER NONPROFIT PRIVATE ELEMENTARY OR SECONDARY SCHOOL WHICH IS IN A SCHOOL DISTRICT OF A LOCAL EDUCATIONAL AGENCY WHICH IS ELIGIBLE IN SUCH YEAR FOR ASSISTANCE PURSUANT TO TITLE I OF THE ELEMENTARY AND SECONDARY EDUCATION ACT OF 1965 AND WHICH FOR THE PURPOSES OF THIS CLAUSE AND FOR THAT YEAR HAS BEEN DESIGNATED BY THE COMMISSIONER IN ACCORDANCE WITH PROVISIONS OF SECTION 465(A) (2) OF THE ACT AS A SCHOOL WITH A HIGH ENROLLMENT OF STUDENTS FROM LOW-INCOME FAMILIES, OR (B) AS A FULL-TIME TEACHER OF HANDICAPPED CHILDREN (INCLUDING MENTALLY RETARDED, HARD OF HEARING, DEAF, SPEECH IMPAIRED, VISUALLY HANDICAPPED, SERIOUSLY EMOTIONALLY DISTURBED, OR OTHER HEALTH-IMPAIRED CHILDREN WHO BY REASON THEREOF REQUIRE SPECIAL EDUCATION) IN A PUBLIC OR OTHER NONPROFIT ELEMENTARY OR SECONDARY SCHOOL SYSTEM, FOR EACH COMPLETE YEAR OF SUCH SERVICE THE AMOUNT OF THIS NOTE SHALL BE REDUCED AT THE RATE OF 15 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN PLUS INTEREST THEREON FOR THE FIRST AND SECOND YEAR OF SUCH SERVICE, 20 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT PLUS INTEREST THEREON FOR THE THIRD AND FOURTH YEAR OF SUCH SERVICE, AND 30 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT PLUS INTEREST THEREON FOR THE FIFTH YEAR OF SUCH SERVICE.

(5) IF, AFTER JUNE 30, 1972, THE MAKER UNDERTAKES SERVICE AS A FULL-TIME STAFF MEMBER IN A PRESCHOOL PROGRAM CARRIED ON UNDER SECTION 222(A) (1) OF THE ECONOMIC OPPORTUNITY ACT OF 1964 (HEAD START) WHICH IS OPERATED FOR A PERIOD WHICH IS COMPARABLE TO A FULL SCHOOL YEAR IN THE LOCALITY, AND PROVIDED THAT THE SALARY OF SUCH STAFF MEMBER IS NOT MORE THAN THE SALARY OF A COMPARABLE EMPLOYEE OF THE LOCAL EDUCATIONAL AGENCY, THE PRINCIPAL AMOUNT OF THIS NOTE SHALL BE REDUCED AT THE RATE OF 15 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN PLUS INTEREST THEREON FOR EACH COMPLETE YEAR OF SUCH SERVICE.

(6) IF, AFTER JUNE 30, 1972, THE MAKER SERVES AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES, UP TO 50 PER CENTUM OF THE PRINCIPAL AMOUNT OF THE LOAN SHALL BE REDUCED AT THE RATE OF 12-1/2 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN, PLUS INTEREST THEREON, FOR EACH COMPLETE YEAR OF SERVICE IN AN AREA OF HOSTILITIES THAT QUALIFIES FOR SPECIAL PAY UNDER SECTION 310 OF TITLE 37, UNITED STATES CODE.

(7) THE MAKER IS RESPONSIBLE FOR INFORMING THE LENDING INSTITUTION OF ANY CHANGE OR CHANGES IN HIS ADDRESS.

(8) NOTWITHSTANDING THE REPAYMENT SCHEDULE OTHERWISE CALCULABLE TO PART II, THE MAKER SHALL REPAY THE TOTAL PRINCIPAL AMOUNT OF THIS LOAN AT A RATE OF NOT LESS THAN $30 PER MONTH. IN THE EVENT THE MAKER RECEIVES OR HAS RECEIVED OTHER NATIONAL DIRECT STUDENT LOANS FROM OTHER FUNDS AUTHORIZED BY THE ACT AT ONE OR MORE OTHER LENDING INSTITUTIONS, HE/SHE SHALL REPAY THIS NOTE AT A MONTHLY RATE EQUAL TO NOT LESS THAN THE AMOUNT BY WHICH $30 EXCEEDS THE TOTAL MONTHLY RATE OF PRINCIPAL REPAYMENT ON ALL SUCH OTHER LOANS.

(9) IF THE MAKER FAILS TO MAKE TIMELY PAYMENT OF ALL OR ANY PART OF A SCHEDULED INSTALLMENT, OR IF THE MAKER IS ELIGIBLE FOR DEFERMENT OR CANCELLATION OF PAYMENT (PURSUANT TO PART III(3), (4), (5), OR (6)), BUT FAILS TO SUBMIT TIMELY AND SATISFACTORY EVIDENCE THEREOF, THE MAKER PROMISES TO PAY THE CHARGE ASSESSED AGAINST HIM BY THE LENDING INSTITUTION. NO CHARGE MAY EXCEED (1) WHERE THE LOAN IS REPAYABLE IN MONTHLY INSTALLMENTS, $1 FOR THE FIRST MONTH OR PART OF A MONTH BY WHICH SUCH INSTALLMENT OR EVIDENCE IS LATE, AND $2 FOR EACH MONTH OR PART OF A MONTH THEREAFTER; OR (2) IN THE CASE OF A LOAN WHICH IS REPAYABLE IN BIMONTHLY OR QUARTERLY INSTALLMENTS, $3 AND $6, RESPECTIVELY, FOR EACH INSTALLMENT INTERVAL OR PART THEREOF BY WHICH SUCH INSTALLMENT OR EVIDENCE IS LATE. IF THE LENDING INSTITUTION ELECTS TO ADD THE ASSESSED CHARGE TO THE OUTSTANDING PRINCIPAL OF THE LOAN, IT SHALL SO INFORM THE MAKER PRIOR TO THE DUE DATE OF THE NEXT INSTALLMENT.

III. THIS NOTE SHALL NOT BE ASSIGNED BY THE LENDING INSTITUTION EXCEPT, UPON TRANSFER OF THE MAKER TO ANOTHER INSTITUTION PARTICIPATING IN THIS PROGRAM, IF NOT SO PARTICIPATING, IS ELIGIBLE TO DO SO AND IS APPROVED BY THE COMMISSIONER FOR SUCH PURPOSE), TO SUCH INSTITUTION; PROVIDED THAT ASSIGNMENT MAY BE MADE TO (A) INSTITUTIONS OTHER THAN THOSE TO WHICH THE MAKER HAS TRANSFERRED OR TO THE UNITED STATES WHERE THE LENDING INSTITUTION CEASES TO FUNCTION AS AN EDUCATIONAL INSTITUTION AND (B) TO THE UNITED STATES IF THIS NOTE HAS BEEN IN DEFAULT FOR TWO YEARS. THE PROVISIONS OF THIS NOTE THAT RELATE TO THE LENDING INSTITUTION SHALL WHERE APPROPRIATE RELATE TO AN ASSIGNEE.

THE MAKER HEREBY CERTIFIES THAT HE HAS LISTED BELOW ALL OF THE NATIONAL DIRECT STUDENT LOANS (OR NATIONAL DEFENSE STUDENT LOANS) HE HAS OBTAINED AT OTHER INSTITUTIONS.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

| RUN NO. 120 | 2-18-77 | 47.00 FCC | 148.00 CK | CHECK NO. 940310 |
|---|---|---|---|---|
|  |  |  |  | BEST COPY AVAILABLE AT TIME OF IMAGING |

MICHAEL A JOHNSON        ID ███-G003    PROMISE TO PAY WAYNE STATE UNIVERSITY, DETROIT, MICHIGAN

SUM OF $ 195.00 ADVANCED FOR WINTER QUARTER 19 77 , TOGETHER WITH ALL ATTORNEY'S FEES AND OTHER COSTS AND CHARGES NECESSARY FOR THE COLLECTION OF ANY AMOUNT NOT PAID WHEN DUE.

DATE 2/25, 19 77

SIGNATURE X /s/ Michael A. Johnson

PERMANENT ADDRESS 5538 Cass Apt 9 Det M. 48202
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

CAVEAT – THIS NOTE SHALL BE EXECUTED WITHOUT SECURITY AND WITHOUT ENDORSEMENT, EXCEPT THAT IF THE MAKER IS A MINOR AND THIS NOTE WOULD NOT, UNDER THE LAWS OF THE STATE IN WHICH THE LENDING INSTITUTION IS LOCATED, CREATE A BINDING OBLIGATION, EITHER SECURITY OR ENDORSEMENT MAY BE REQUIRED. THE LENDING INSTITUTION SHALL SUPPLY A COPY OF THIS NOTE TO THE MAKER.

DATE _____, 19___

SIGNATURE OF ENDORSER _____

PERMANENT ADDRESS _____
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

FORM 19-434 1044 6-76

**WAYNE STATE UNIVERSITY**
Office of Scholarship and Financial Aids
22 ASB 2 • Detroit, Mich. 48202
13-577-3378

**PROMISSORY NOTE**
**NATIONAL DIRECT STUDENT LOAN PROGRAM**

THE MAKER UNDERSTANDS AND AGREES, AND IT IS UNDERSTOOD BETWEEN THE PARTIES THAT:

I. ALL SUMS ADVANCED PURSUANT TO THIS NOTE ARE DRAWN FROM A FUND CREATED UNDER PART E OF TITLE IV OF THE HIGHER EDUCATION ACT OF 1965, AS AMEN[DED] HEREINAFTER CALLED THE ACT. SUCH TERMS OF THE NOTE AS ARE SUBJECT TO INTERPRETATION SHALL BE CONSTRUED IN THE LIGHT OF SUCH ACT AND FEDERAL REGULAT[IONS] PERTAINING TO SUCH ACT. COPIES OF WHICH SHALL BE KEPT BY THE LENDING INSTITUTION.

II. REPAYMENT OF PRINCIPAL, TOGETHER WITH INTEREST THEREON, SHALL BE MADE OVER A PERIOD COMMENCING (EXCEPT WHEN PARAGRAPH III(3) IS APPLICABLE) 9 MON[THS] AFTER THE DATE ON WHICH THE MAKER CEASES TO CARRY, AT AN INSTITUTION OF HIGHER EDUCATION, OR AT A COMPARABLE INSTITUTION OUTSIDE THE STATES APPRO[VED] FOR THIS PURPOSE BY THE U.S. COMMISSIONER OF EDUCATION, HEREINAFTER CALLED THE COMMISSIONER, AT LEAST ONE-HALF THE NORMAL FULL-TIME ACADEMIC WORKL[OAD] AND ENDING 10 YEARS AND 9 MONTHS AFTER SUCH DATE. INTEREST OF 3 PER CENTUM PER ANNUM SHALL ACCRUE FROM THE BEGINNING OF SUCH REPAYMENT PERIOD. RE[PAY]MENT OF PRINCIPAL, TOGETHER WITH INTEREST THEREON, SHALL BE MADE IN EQUAL (OR, IF THE MAKER SO REQUESTS, IN GRADUATED INSTALLMENTS DETERMINED IN ACC[ORD]ANCE WITH SUCH SCHEDULES AS MAY BE APPROVED BY THE LENDING INSTITUTION AND THE COMMISSIONER) QUARTERLY, BIMONTHLY OR MONTHLY INSTALLMENTS (AS DE[TER]MINED BY THE LENDING INSTITUTION) IN ACCORDANCE WITH THE SCHEDULE WHICH IS ATTACHED TO AND MADE PART OF THIS NOTE.

III. THIS NOTE IS SUBJECT ALSO TO THE FOLLOWING CONDITIONS:
(1) THE MAKER MAY AT HIS OPTION AND WITHOUT PENALTY PREPAY ALL OR ANY PART OF THE PRINCIPAL, PLUS THE ACCRUED INTEREST THEREON, AT ANY TIME.
(2) IN THE EVENT OF A FAILURE TO MEET A SCHEDULED REPAYMENT OF ANY OF THE INSTALLMENTS DUE ON THIS NOTE, THE ENTIRE UNPAID INDEBTEDNESS INCLU[DING] INTEREST DUE AND ACCRUED THEREON, SHALL, AT THE OPTION OF THE LENDING INSTITUTION, BECOME IMMEDIATELY DUE AND PAYABLE.
(3) INTEREST SHALL NOT ACCRUE, AND INSTALLMENTS NEED NOT BE PAID DURING ANY PERIOD (A) DURING WHICH THE MAKER IS CARRYING, AT AN INSTITUTIO[N OF] HIGHER EDUCATION OR AT A COMPARABLE INSTITUTION OUTSIDE THE STATES APPROVED FOR THIS PURPOSE BY THE COMMISSIONER, AT LEAST ONE-HALF THE NORMAL F[ULL-] TIME ACADEMIC WORKLOAD OR (B) NOT IN EXCESS OF 3 YEARS DURING WHICH THE MAKER (I) IS ON FULL-TIME ACTIVE DUTY AS A MEMBER OF THE ARMED FORCES (ARMY, N[AVY,] AIR FORCE, MARINE CORPS, OR COAST GUARD) OF THE UNITED STATES, (II) IS IN SERVICE AS A VOLUNTEER UNDER THE PEACE CORPS ACT, OR (III) IS IN SERVICE AS A VOLUNT[EER] UNDER TITLE VIII OF THE ECONOMIC OPPORTUNITY ACT OF 1965 (VISTA). ANY SUCH PERIOD IN (A) OR (B) SHALL NOT BE INCLUDED IN DETERMINING THE 10-YEAR PERIOD DU[RING] WHICH REPAYMENT MUST BE COMPLETED AS SPECIFIED IN PARAGRAPH II.
(4) IF THE MAKER UNDERTAKES SERVICE AFTER JUNE 30, 1972, (A) AS A FULL-TIME TEACHER IN A PUBLIC OR OTHER NONPROFIT PRIVATE ELEMENTARY OR SECOND[ARY] SCHOOL WHICH IS IN A SCHOOL DISTRICT OF A LOCAL EDUCATIONAL AGENCY WHICH IS ELIGIBLE IN SUCH YEAR FOR ASSISTANCE PURSUANT TO TITLE I OF THE ELEMENTARY [AND] SECONDARY EDUCATION ACT OF 1965 AND WHICH FOR THE PURPOSES OF THIS CLAUSE AND FOR THAT YEAR HAS BEEN DESIGNATED BY THE COMMISSIONER IN ACCORDANCE [WITH] THE PROVISIONS OF SECTION 465(A) (2) OF THE ACT AS A SCHOOL WITH A HIGH ENROLLMENT OF STUDENTS FROM LOW-INCOME FAMILIES, OR (B) AS A FULL-TIME TEACHE[R OF] HANDICAPPED CHILDREN (INCLUDING MENTALLY RETARDED, HARD OF HEARING, DEAF, SPEECH IMPAIRED, VISUALLY HANDICAPPED, SERIOUSLY EMOTIONALLY DISTURBE[D, OR] OTHER HEALTH-IMPAIRED CHILDREN WHO BY REASON THEREOF REQUIRE SPECIAL EDUCATION) IN A PUBLIC OR OTHER NONPROFIT ELEMENTARY OR SECONDARY SCHOOL SYS[TEM,] FOR EACH COMPLETE YEAR OF SUCH SERVICE THE AMOUNT OF THIS NOTE SHALL BE REDUCED AT THE RATE OF 15 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE [LOAN] PLUS INTEREST THEREON FOR THE FIRST AND SECOND YEAR OF SUCH SERVICE, 20 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT PLUS INTEREST THEREON FOR THE T[HIRD] AND FOURTH YEAR OF SUCH SERVICE, AND 30 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT PLUS INTEREST THEREON FOR THE FIFTH YEAR OF SUCH SERVICE[.]
(5) IF, AFTER JUNE 30, 1972, THE MAKER UNDERTAKES SERVICE AS A FULL-TIME STAFF MEMBER IN A PRESCHOOL PROGRAM CARRIED ON UNDER SECTION 222(A) (1) O[F THE] ECONOMIC OPPORTUNITY ACT OF 1964 (HEAD START) WHICH IS OPERATED FOR A PERIOD WHICH IS COMPARABLE TO A FULL SCHOOL YEAR IN THE LOCALITY, AND PROV[IDED] THAT THE SALARY OF SUCH STAFF MEMBER IS NOT MORE THAN THE SALARY OF A COMPARABLE EMPLOYEE OF THE LOCAL EDUCATIONAL AGENCY, THE PRINCIPAL AMOUN[T OF] THIS NOTE SHALL BE REDUCED AT THE RATE OF 15 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN PLUS INTEREST THEREON FOR EACH COMPLETE YEAR OF [SUCH] SERVICE.
(6) IF, AFTER JUNE 30, 1972, THE MAKER SERVES AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES, UP TO 50 PER CENTUM OF THE PRINCIPAL AMOU[NT OF] THIS LOAN SHALL BE REDUCED AT THE RATE OF 12-1/2 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN, PLUS INTEREST THEREON, FOR EACH COMPLETE YEA[R OF] SERVICE IN AN AREA OF HOSTILITIES THAT QUALIFIES FOR SPECIAL PAY UNDER SECTION 310 OF TITLE 37, UNITED STATES CODE.
(7) THE MAKER IS RESPONSIBLE FOR INFORMING THE LENDING INSTITUTION OF ANY CHANGE OR CHANGES IN HIS ADDRESS.
(8) NOTWITHSTANDING THE REPAYMENT SCHEDULE OTHERWISE CALCULABLE TO PART II, THE MAKER SHALL REPAY THE TOTAL PRINCIPAL AMOUNT OF THIS LOA[N AT] THE RATE OF NOT LESS THAN $30 PER MONTH. IN THE EVENT THE MAKER RECEIVES OR HAS RECEIVED OTHER NATIONAL DIRECT STUDENT LOANS FROM OTHER FUNDS AU[THO]RIZED BY THE ACT AT ONE OR MORE OTHER LENDING INSTITUTIONS, HE/SHE SHALL REPAY THIS NOTE AT A MONTHLY RATE EQUAL TO NOT LESS THAN THE AMOUNT BY W[HICH] $30 EXCEEDS THE TOTAL MONTHLY RATE OF PRINCIPAL REPAYMENT ON ALL SUCH OTHER LOANS.
(9) IF THE MAKER FAILS TO MAKE TIMELY PAYMENT OF ALL OR ANY PART OF A SCHEDULED INSTALLMENT, OR IF THE MAKER IS ELIGIBLE FOR DEFERMENT OR CA[NCEL]LATION OF PAYMENT (PURSUANT TO PART III(3), (4), (5), OR (6)), BUT FAILS TO SUBMIT TIMELY AND SATISFACTORY EVIDENCE THEREOF, THE MAKER PROMISES TO PA[Y A] CHARGE ASSESSED AGAINST HIM BY THE LENDING INSTITUTION. NO CHARGE MAY EXCEED (1) WHERE THE LOAN IS REPAYABLE IN MONTHLY INSTALLMENTS, $1 FOR THE [FIRST] MONTH OR PART OF A MONTH BY WHICH SUCH INSTALLMENT OR EVIDENCE IS LATE, AND $2 FOR EACH MONTH OR PART OF A MONTH THEREAFTER; OR (2) IN THE CASE OF A [LOAN] WHICH IS REPAYABLE IN BIMONTHLY OR QUARTERLY INSTALLMENTS, $3 AND $6, RESPECTIVELY, FOR EACH INSTALLMENT INTERVAL OR PART THEREOF BY WHICH SUCH INST[ALL]MENT OR EVIDENCE IS LATE. IF THE LENDING INSTITUTION ELECTS TO ADD THE ASSESSED CHARGE TO THE OUTSTANDING PRINCIPAL OF THE LOAN, IT SHALL SO INFOR[M] MAKER PRIOR TO THE DUE DATE OF THE NEXT INSTALLMENT.

IV. THIS NOTE SHALL NOT BE ASSIGNED BY THE LENDING INSTITUTION EXCEPT, UPON TRANSFER OF THE MAKER TO ANOTHER INSTITUTION PARTICIPATING IN THIS PRO[GRAM] (OR, IF NOT SO PARTICIPATING, IS ELIGIBLE TO DO SO AND IS APPROVED BY THE COMMISSIONER FOR SUCH PURPOSE), TO SUCH INSTITUTION; PROVIDED THAT ASSIGNMEN[T] BE MADE TO (A) INSTITUTIONS OTHER THAN THOSE TO WHICH THE MAKER HAS TRANSFERRED OR TO THE UNITED STATES WHERE THE LENDING INSTITUTION CEASES TO FUN[CTION] AS AN EDUCATIONAL INSTITUTION AND (B) TO THE UNITED STATES IF THIS NOTE HAS BEEN IN DEFAULT FOR TWO YEARS. THE PROVISIONS OF THIS NOTE THAT RELATE T[O] LENDING INSTITUTION SHALL WHERE APPROPRIATE RELATE TO AN ASSIGNEE.

V. THE MAKER HEREBY CERTIFIES THAT HE HAS LISTED BELOW ALL OF THE NATIONAL DIRECT STUDENT LOANS (OR NATIONAL DEFENSE STUDENT LOANS) HE HAS OBTA[INED] AT OTHER INSTITUTIONS.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

| | | | | | |
|---|---|---|---|---|---|
| 1 S | RUN NO. 125 | 3-29-77 | 32.00 FCC | 278.00 CK | CHECK NO. 941426 |
| 2 S | | | | | |
| 3 S | | | | | |

BEST COPY AVAILABLE AT TIME OF IMAGING

I, **MICHAEL A JOHNSON** ID ▓▓▓▓-CC03 PROMISE TO PAY ...NE STATE UNIVERSITY, DETROIT, MICH[IGAN]

THE SUM OF $ **310.00** ADVANCED FOR **SPRING** QUARTER 19 **77** , TOGETHER WITH ALL ATTORNEY'S FEE[S,] OTHER COSTS AND CHARGES NECESSARY FOR THE COLLECTION OF ANY AMOUNT NOT PAID WHEN DUE.

SIGNATURE _Michael A. Johnson_ DATE **4-7**, 19 **7[7]**

PERMANENT ADDRESS **5538 Cass Apt 9    Detroit, M, 48202**
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

CAVEAT — THIS NOTE SHALL BE EXECUTED WITHOUT SECURITY AND WITHOUT ENDORSEMENT, EXCEPT THAT IF THE MAKER IS A MINOR AND THIS NOTE WOULD NOT, UND[ER THE] LAW OF THE STATE IN WHICH THE LENDING INSTITUTION IS LOCATED, CREATE A BINDING OBLIGATION, EITHER SECURITY OR ENDORSEMENT MAY BE REQUIRED. THE LE[NDING] INSTITUTION SHALL SUPPLY A COPY OF THIS NOTE TO THE MAKER.

DATE _____, 19 ____
SIGNATURE OF ENDORSER _____

PERMANENT ADDRESS _____
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

FORM 10-486